GENE E. PRUITT, APPELLANT, V. ROBERT F. PARRATT, WARD-
EN, NEBRASKA PENAL AND CORRECTIONAL COMPLEX,
APPELLEE.

251 N. W. 2d 179

Filed March 9, 1977.   No. 40945.

T. Clement Gaughan and Richard L. Goos, for ap-
pellant.

Paul L. Douglas, Attorney General, and Paul W. Sny-
der, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

Petitioner, a prisoner in the Nebraska Penal and Cor-
rectional Complex pursuant to conviction and sentence,
asked in the District Court that a writ of habeas corpus
be issued and that he be discharged from confinement
in the Adjustment Center of the complex. That court
refused the writ, holding that it was not a remedy
available to challenge the conditions of his confine-
ment. The petitioner has appealed to this court. We
affirm.

It was stipulated in the District Court that the sen-
tence and imprisonment were lawful. The petitioner
alleges that he was confined in the Adjustment Center

by virtue of an order of the Adjustment Committee of the Nebraska Penal and Correctional Complex, and that he appealed the action to the Institution Appeal Board which upheld the action of the Adjustment Committee. A copy of various documents attached to and incorporated in the petition include: (1) Order committing the petitioner to the Nebraska Penal and Correctional Complex; (2) judgment and sentence; (3) record of Adjustment Committee action; (4) the misconduct notification; and (5) the misconduct reports (two). These show that the infraction of which petitioner was found guilty by the Adjustment Committee was: (1) Forgery of a pass or other official document; and (2) possession of a knife. The order shows: (1) The prisoner waived representation and witnesses and elected to represent himself; (2) the report of the infraction was read to the prisoner and he stated that he understood it; (3) the prisoner stated that Captain Pease (the petition and attachments indicate that Captain Pease was the one who made the complaint of violation) was "full of it" and there was nothing he could say other than that; (4) the petitioner's attitude toward the committee was good; (5) the committee relied upon the written report submitted by the employee; and (6) the dispositive action was taken in accordance with an official memorandum (specifying section and offense). The punishment imposed was: (1) Major report; (2) loss of all good time; and (3) 1 year in the Adjustment Center. The misconduct notification indicates that the matter would be heard by the Adjustment Committee on a certain date and that the inmate refused to acknowledge receipt of the notice.

The petition makes various complaints about the action of the board, namely, that a request for a continuance was refused, that the charge by Captain Pease was fabricated, and that the order of the board is insufficient; it further alleges various legal conclusions

about the illegality of his confinement to the Adjustment Center, and also, by way of conclusion, that the memorandum of notification was insufficient and that the petitioner was denied an opportunity to see the contraband (presumably the knife and forged instrument).

It is apparent that by this action of habeas corpus the petitioner seeks a court review on the merits of the action by the Adjustment Board and the action of the Institution Appeal Board. The question is whether the writ of habeas corpus is a proper remedy for that purpose.

This court has numerous times held that in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void. In re Application of Dunn, 150 Neb. 669, 35 N. W. 2d 673; Swanson v. Jones, 151 Neb. 767, 39 N. W. 2d 557. Persons lawfully convicted of crime are excepted from the benefits of the statutory right to the writ. § 29-2801, R. R. S. 1943; In re Application of Dunn, *supra*. The writ is not available merely to challenge the conditions of confinement of a prisoner under valid sentence. In re Application of Dunn, *supra*.

Although some courts have extended the use of the writ to habeas corpus beyond its historical application, we find no cases which have extended the writ to provide a vehicle to review the merits of a prisoner's disciplinary proceedings which on their face appear to comply with due process requirements as the attachments to the petition indicate the proceedings before the Adjustment Committee do. See, Wolff v. McDonnell, 418 U. S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935; Baxter v. Palmigiano, 425 U. S. 308, 96 S. Ct. 1551, 47 L. Ed. 2d 810.

AFFIRMED.