Stanley G. RUSSELL,
Petitioner-Appellant,

v.

Thomas COOPER, Superintendent,
Shadow Mountain Correctional
Facility, Respondent-Appellee.

No. 85SA332.

Supreme Court of Colorado,
En Banc.

Sept. 2, 1986.

Rehearing Denied Sept. 29, 1986.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, First Asst. Atty. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent-appellee.

VOLLACK, Justice.

Petitioner-appellant, Stanley G. Russell, appeals the dismissal by the district court of his petition for writ of habeas corpus, for injunctive relief, and/or for rule to show cause. We affirm.

The petition alleged that on December 16, 1981, when petitioner was sentenced to the Department of Corrections, he had a detainer from the State of Oregon lodged against him. However, the record reflects that a detainer was not "acknowledged" by the Department of Corrections until November 28, 1983. Petitioner established a mere awareness by Department of Corrections officials that charges were pending against him in another jurisdiction. On November 29, 1983, petitioner received a detainer notice and advisement of rights pertaining to the Oregon charges.

In his petition for writ of habeas corpus, petitioner maintained that the officials having custody of him violated the procedures of the Interstate Agreement on Detainers Act (I.A.D.), sections 24–60–501 to –507, 10 C.R.S. (1982), by failing to promptly inform him of the pending charges after he had commenced his term of imprisonment on his Colorado conviction. Petitioner contended he was "unconstitutionally detained and imprisoned" at the Department of Corrections because of the ..lleged detainer which could result in future extradition proceedings by the State of Oregon. Petitioner argued he was entitled to relief in the nature of habeas corpus, *see* sections 13–45–101 to –121, 6 C.R.S. (1978), and sought to test the legality of the detainer and the legality of any extradition proceedings by his petition for writ of habeas corpus. In his prayer for relief, petitioner prayed for injunctive relief prohibiting his extradition or a rule to show cause requiring the respondent to dismiss the detainer lodged by the State of Oregon.

The district court ruled that the petitioner failed to allege that the State of Oregon had taken any action whereby it demanded his temporary custody under the I.A.D. and dismissed the petition as being premature. The district court subsequently denied the petitioner's motion for reconsideration.

This case presents the issue of whether a prisoner serving a sentence in Colorado may attack the validity of a foreign detainer lodged against him through a habeas corpus petition, even if the foreign state has not yet made a demand for temporary custody. On appeal, petitioner maintains the existence of an allegedly invalid detainer significantly restricts a prisoner's security classification and rehabilitative opportunities and is therefore a proper subject for habeas corpus relief. We disagree with petitioner's contentions and affirm the district court's dismissal of the petition.

Section 13–45–101(1), 6 C.R.S. (1973), states that any person who is committed or detained for any criminal matter may apply for a writ of habeas corpus. The statute further provides that the court shall forthwith award the writ of habeas corpus unless it appears from the petition itself that the party can neither be discharged nor in any other manner relieved.

The Oregon detainer from which petitioner seeks relief is governed by section 24–60–501, 10 C.R.S. (1982). Article III(c) of the I.A.D. requires that a warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him, and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based. Article V(c) provides that if the appropriate official in the receiving state shall refuse or fail to accept requested temporary custody of the prisoner, or if the action on which the detainer has been lodged is not brought to trial within 120 days of the arrival of the prisoner in the receiving state, "the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

We held in *Dodson v. Cooper,* 705 P.2d 500 (Colo.1985), that the power to dismiss charges underlying a detainer belongs to the receiving state and neither the I.A.D. nor any other source authorizes a sending state to dismiss or invalidate a charge underlying a detainer. *See also, Sweaney v. District Court,* 713 P.2d 914 (Colo.1986) (power to dismiss charges for a violation of the prompt notification requirement of Article III(c) of the I.A.D. belongs to the receiving state alone). In *People v. Higinbotham,* 712 P.2d 993 (Colo.1986), we noted that a court should analyze the implications of a violation of the prompt notification requirement upon the defendant's prison rehabilitation program as well as the subsidiary concern of the impact of the violation on the defendant's speedy trial rights. There, we held that the charges against a defendant must be dismissed for violation of the prompt notification provision of the

Uniform Mandatory Disposition of Detainers Act, sections 16–14–101 to –108, 8 C.R.S. (1978),[1] unless the prosecution demonstrates that prejudice to the defendant did not result from that violation.

In the case under consideration, we conclude that the relief petitioner seeks must be obtained through appropriate proceedings to obtain dismissal of the charges in the Oregon courts, rather than through habeas corpus proceedings in Colorado. The petitioner has not availed himself of the proper remedy.

■ Furthermore, based on the record, we find that petitioner has failed to establish that the detainer was filed prior to November 28, 1983. In order to sustain his allegation that he did not receive prompt notification under the I.A.D., the petitioner must show that the official having custody of him failed to properly advise him of the existence of the detainer. Mere awareness of pending charges does not supply the superintendent of the Department of Corrections with sufficient information to fulfill the duty to inform the prisoner of the source or nature of pending charges. Clearly, awareness of pending charges in another jurisdiction is not the equivalent of having an actual detainer filed from that jurisdiction. *People v. Yellen,* 704 P.2d 306, 311 (Colo.1985). In the absence of such a showing, the relief prayed for by petitioner cannot be granted. Similarly, such relief may not be obtained through the use of an alternate procedural means such as the habeas corpus proceeding.

■ We conclude that the use of a habeas corpus proceeding is an improper vehicle for the relief petitioner seeks. Relief by means of a writ of habeas corpus is proper only if no other manner of relief is available. § 13–45–101(1), 6 C.R.S. (1973). In the absence of a showing that the petitioner has obtained disposition of the charges in the State of Oregon, there is no basis for granting relief pursuant to a habeas corpus

action. We conclude that it is improper for a prisoner serving a sentence in Colorado to attack the validity of a foreign detainer through a habeas corpus petition. The proper procedure is to obtain disposition of the charges in the state where they are pending.

The judgment of the district court is affirmed.

1. The Uniform Mandatory Disposition of Detainers Act and the Interstate Agreement on Detainers Act embody like policies, and principles of one may be applied to the other. *Swea-* *ney v. District Court,* 713 P.2d 914, 918 (Colo. 1986); *People v. Higinbotham,* 712 P.2d 993, 997 n. 2 (Colo.1986); *People v. Yellen,* 704 P.2d 306, 311 (Colo.1985).