C. MICHAEL ANDERSON AND PETER HOCHSTEIN, APPELLANTS, V. FRANK O. GUNTER, DIRECTOR, NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, ET AL., APPELLEES.
414 N.W.2d 281

Filed October 23, 1987.    No. 87-067.

C. Michael Anderson, pro se.

Peter Hochstein, pro se.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

Appellants seek review of the district court's order sustaining the State's motion to quash their petition seeking a writ of habeas corpus, and dismissing their case. Although appellants specify eight different assignments of error, the only one pertinent to this proceeding is whether habeas corpus is an appropriate remedy under the circumstances of this case.

The appellants were convicted of first degree murder in the district court for Douglas County and were sentenced to death. Since that time, they have been incarcerated at the Nebraska Penal and Correctional Complex. The trial court's judgment was affirmed in *State v. Anderson and Hochstein*, 207 Neb. 51, 296 N.W.2d 440 (1980).

In their petition for a writ of habeas corpus the appellants allege that at some time after their sentences were imposed and they were remanded to the penal complex where the sentences were to be carried out, they were placed in administrative segregation or solitary confinement. This came about by reason of an administrative decision authorized by a change in the Nebraska Department of Correctional Services administrative rules and regulations. Such action, they claim, when added to their original sentences of death, constituted an ex post facto law contrary to the Constitution of the United States. They do not in any way allege that their sentences of death are void or that they are entitled to immediate release. At trial, appellant Anderson indicated that they were "[o]nly seeking an order remanding us back to Douglas County District Court for resentence but not to be released from our sentence to the

street."

Neb. Rev. Stat. § 83-4,114 (Reissue 1981), although providing certain limitations on the use of solitary confinement, expressly provides that such "provision shall not apply to segregation or isolation of persons for purposes of institutional control." Appellants allege that Nebraska Department of Correctional Services Administrative Rules and Regulations, ch. 4, rule 6(16) (1985), establishes that all inmates who are under the sentence of death will be kept in administrative segregation.

However, it is not necessary for us to address appellants' claim relating to solitary confinement. That was not a part of the original sentences of the district court and has no relationship to them. As we stated in *Mayfield v. Hartmann*, 221 Neb. 122, 123, 375 N.W.2d 146, 148 (1985):

> We believe that we need not address the many issues raised by [the petitioner], for the simple reason that even if all of the issues raised by [the petitioner] were valid, a matter we do not decide, he was still not entitled to relief in the form of habeas corpus.

In *Pruitt v. Parratt*, 197 Neb. 854, 251 N.W.2d 179 (1977), the petitioner attempted to raise the issue of his confinement in the adjustment center of the penal complex by means of a petition for habeas corpus. The district court denied his petition, stating that habeas corpus was not available to challenge conditions of confinement. In affirming that judgment, this court stated:

> The question is whether the writ of habeas corpus is a proper remedy for that purpose.
>
> This court has numerous times held that in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void. . . . Persons lawfully convicted of crime are excepted from the benefits of the statutory right to the writ. . . . *The writ is not available merely to challenge the conditions of confinement of a prisoner under valid sentence.*

(Emphasis supplied.) *Id*. at 856, 251 N.W.2d at 181. See, also,

*Hrbek v. Shortridge*, 223 Neb. 785, 394 N.W.2d 285 (1986). The action of the district court in quashing appellants' petition and dismissing their case was correct and is affirmed.

AFFIRMED.