JOHN E. RUST, APPELLANT, V. FRANK O. GUNTER, DIRECTOR,
NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, ET AL.,
APPELLEES.

421 N.W.2d 458

Filed April 1, 1988.   No. 87-662.

John E. Rust, pro se.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

John E. Rust was convicted of first degree murder and three counts of shooting with intent to wound, maim, or kill. Rust was sentenced to death on the murder conviction and imprisonment for three concurrent terms of 16 ²/₃ years to 50 years on the shooting convictions. Rust's convictions and sentences were affirmed on appeal to this court. *State v. Rust*, 197 Neb. 528, 250 N.W.2d 867 (1977).

On April 20, 1987, in the district court for Lancaster County, Rust filed a petition for a writ of habeas corpus. In his petition, Rust did not claim that his sentences to death and imprisonment were invalid; rather, he claimed that rule 6(16), ch. 4, of the rules of the Nebraska Department of Correctional Services imposes ex post facto punishment concerning the crimes for which Rust is convicted. Rust alleges that none of the sentences imposed, for the murder conviction or the shooting convictions, contained a provision for solitary confinement. However, rule 6(16), adopted after imposition of sentences on

Rust and during his incarceration in the Nebraska Penal and Correctional Complex to serve those sentences, authorizes solitary confinement of those awaiting the death penalty. Rust argues that such solitary confinement or administrative segregation is a punishment applied retrospectively and is, therefore, a violation of the constitutional prohibition against an ex post facto law, see, Neb. Const. art. I, § 16, and U.S. Const. art. I, § 10; a violation of the double jeopardy clause, see, Neb. Const. art. I, § 12, and U.S. Const. amends. V and XIV; and a violation of the separation of powers. The State filed a motion to quash Rust's petition, alleging that Rust was challenging the conditions of his confinement, which is not a proper function of a petition for a writ of habeas corpus.

The district court made the following determination: "Petitioner is challenging the conditions of his confinement by petition for habeas corpus. This cannot be successfully done in the State of Nebraska." Thereupon, the district court dismissed Rust's petition for a writ of habeas corpus.

Rust's petition relates to conditions of his confinement while incarcerated at the Nebraska Penal and Correctional Complex under the control of the Department of Correctional Services. Rule 6(16), questioned by Rust, pertains to the manner of his confinement as one convicted of first degree murder and awaiting the death penalty.

> To release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose.

*Hawk v. Olson*, 146 Neb. 875, 880, 22 N.W.2d 136, 139 (1946).

> The availability of habeas corpus in Nebraska is restricted. . . .
>
> We have consistently held that to release a person from a sentence of imprisonment by habeas corpus it must appear that the sentence was absolutely void. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had

jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose, unless the sentence has been fully served and the prisoner is being illegally held.

*Piercy v. Parratt*, 202 Neb. 102, 105-06, 273 N.W.2d 689, 691 (1979).

Although Rust suggests that the Department of Correctional Services does not have the authority to make regulations concerning solitary confinement of inmates at the Nebraska Penal and Correctional Complex, in *Board of Regents v. County of Lancaster*, 154 Neb. 398, 403, 48 N.W.2d 221, 224 (1951), this court stated:

> The exercise of a legislatively-delegated authority to make rules to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law with designated limitations, is not an exclusive legislative power. It is administrative in its nature and its use by administrative agencies is usually essential to the complete and wise exercise of the power in the accomplishment of the purpose which the Legislature intended. Consequently, the courts are not inclined to interfere with rules established by legislative direction where they bear a reasonable relation to the subject of the legislation and constitute a reasonable exercise of the powers conferred.

In *Pruitt v. Parratt*, 197 Neb. 854, 856, 251 N.W.2d 179, 181 (1977), we stated:

> This court has numerous times held that in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void. In re Application of Dunn, 150 Neb. 669, 35 N.W.2d 673; Swanson v. Jones, 151 Neb. 767, 39 N.W.2d 557. Persons lawfully convicted of crime are excepted from the benefits of the statutory right to the writ. § 29-2801, R.R.S. 1943; In re Application of Dunn, *supra*. The writ is not available merely to challenge the conditions of confinement of a prisoner under valid sentence. In re Application of Dunn, *supra*.

See, also, *Anderson and Hochstein v. Gunter*, 226 Neb. 724,

414 N.W.2d 281 (1987).

Whatever Rust may view as incorrect about the conditions of his confinement, his complaints under the circumstances are inappropriate subject matter for a petition and proceedings for a writ of habeas corpus. The judgment of the district court is affirmed.

AFFIRMED.