LEE WICKLINE, APPELLANT, V. FRANK GUNTER, APPELLEE.

448 N.W.2d 584

Filed December 1, 1989.   No. 88-965.

Lee Wickline, pro se.

Robert M. Spire, Attorney General, and William L. Howland for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Petitioner-appellant, Lee Wickline, who is presently serving a prison sentence in Nebraska, filed a "Petition for Writ of Habeas Corpus ad Subjiciendum" in Lancaster County. Frank Gunter, described in the petition as the "Director of the Nebraska Department of Correctional Services," is the respondent-appellee. The district court found on the pleadings that Wickline was lawfully imprisoned, held that Wickline failed to allege sufficient facts to entitle him to the writ of habeas corpus, and dismissed the action. Wickline timely appealed to this court.

In this court, Wickline's assignments of error allege that the trial court erred in finding that Wickline's petition failed to allege facts sufficient to entitle him to a writ of habeas corpus. We affirm.

The record and our earlier decisions concerning appellant show the following. On June 7, 1988, Wickline was convicted of theft and burglary in Holt County, Nebraska, and was sentenced to a term of 6 to 10 years' imprisonment on each charge, with the sentences to be served concurrently. On May 26, 1989, appellant's convictions were affirmed. See State v. Wickline, 232 Neb. 329, 440 N.W.2d 249 (1989).

On August 1, 1988, the sheriff's department of Cass County,

North Dakota, filed a complaint and warrant for the arrest of appellant with the Nebraska Department of Correctional Services. The complaint had been originally filed in Cass County, North Dakota, and alleged that on or about March 24, 1988, Wickline committed a burglary in Cass County, North Dakota. The Nebraska Department of Correctional Services filed the complaint and warrant as a detainer and informed the sheriff of Cass County, North Dakota, that he would "be advised approximately 30 days prior to Wickline's release date which is now tentatively scheduled for September 4, 1998."

On October 26, 1988, Wickline filed a petition for a writ of habeas corpus alleging, in substance, that he did not commit a crime in or against North Dakota, that he was not in North Dakota at the time of the alleged crime, and that the North Dakota complaint was an arbitrary act by North Dakota which causes Wickline, in his Nebraska incarceration, to be deprived of opportunities for early release, involvement in rehabilitation programs, and eligibility for lesser security classifications. Wickline also alleged that the detainer causes him to be detained in "excess" of his current sentence. Wickline's petition prayed for an order granting the writ and quashing the North Dakota detainer.

In response to the trial court's order to show cause, appellee alleged that Wickline's sentence had not been set aside or vacated, that his detention was lawful pursuant to the order of the district court of Holt County, Nebraska, and that Wickline's sentence was within lawful limits. Appellee's response acknowledged the filing of the North Dakota complaint and warrant constituting a detainer and the filing of two other detainers, and alleged compliance with the notice requirements of the interstate Agreement on Detainers, Neb. Rev. Stat. § 29-759 (Reissue 1985). Appellee's response prayed that Wickline's petition be dismissed because Wickline's imprisonment was lawful and because the other issues raised in the complaint were not the proper subject matter in a habeas proceeding.

Both Nebraska and North Dakota are contracting parties to the Agreement on Detainers. That agreement provides a means for a state filing a detainer or for a prisoner subject to a detainer

to initiate proceedings leading to the expeditious trial of a complaint underlying a detainer. Article IV of the Agreement on Detainers provides a procedure for a state filing a detainer based on an untried complaint to obtain temporary custody of a prisoner to dispose of the complaint. Article III of the Agreement on Detainers provides a procedure for the prisoner to bring about an expeditious trial on an untried complaint.

Wickline has not exercised his right under the Agreement on Detainers, article III, to initiate proceedings to require North Dakota to dispose of its complaint by forcing North Dakota to either bring him to trial on the complaint within 180 days of initiation or to subject the complaint to future dismissal with prejudice. *State v. Reynolds*, 218 Neb. 753, 359 N.W.2d 93 (1984); *Cuyler v. Adams*, 449 U.S. 433, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981). Under article III, Wickline would be required to waive extradition rights and would consent to attend any court proceedings necessary to effectuate the agreement.

The State of North Dakota has not requested the transfer of Wickline for trial in North Dakota through either the Agreement on Detainers or the Uniform Criminal Extradition Act, Neb. Rev. Stat. §§ 29-729 to 29-758 (Reissue 1985).

Consequently, the issue presented is whether habeas corpus is an appropriate action to attack the validity of a foreign detainer absent a request by the state filing the detainer for transfer. Recently, in *Rust v. Gunter*, 228 Neb. 141, 143, 421 N.W.2d 458, 460 (1988), we reiterated the language of *Pruitt v. Parratt*, 197 Neb. 854, 251 N.W.2d 179 (1977), which stated:

> "This court has numerous times held that in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void. [Citations omitted.] Persons lawfully convicted of crime are excepted from the benefits of the statutory right to the writ. § 29-2801, R.R.S. 1943 [citation omitted]. The writ is not available merely to challenge the conditions of confinement of a prisoner under valid sentence. [Citation omitted.]"

Wickline's petition does not challenge the validity of his

conviction, sentence, or imprisonment in Nebraska, and it was evident from his petition that he was not being held in "excess" of his sentence. Wickline did not allege that he was entitled to be discharged. Thus, Wickline is essentially challenging the alleged increased severity of the condition of his confinement caused by the detainer. The rule is clear that a challenge stating facts not ultimately entitling the petitioner to discharge is not cognizable in a habeas corpus proceeding. See *Gamron v. Parratt*, 199 Neb. 163, 256 N.W.2d 867 (1977). As we stated in *Rust*, where the habeas petitioner sought to challenge his placement in solitary confinement, "Whatever [the petitioner] may view as incorrect about the conditions of his confinement, his complaints under the circumstances are inappropriate subject matter for a petition and proceedings for a writ of habeas corpus." 228 Neb. at 144, 421 N.W.2d at 460.

Other state courts have come to a similar conclusion that their respective habeas actions are not available to challenge foreign detainers. See, *State v. Warren*, 740 S.W.2d 427 (Tenn. Crim. App. 1986); *Russell v. Cooper*, 724 P.2d 1302 (Colo. 1986). But see *Aaron v. State*, 497 So. 2d 603 (Ala. App. 1986).

The State of Nebraska has acknowledged and addressed Wickline's position by enacting the Agreement on Detainers. Wickline's desire for a habeas corpus hearing similar to the extradition habeas hearing need not be granted absent North Dakota's request for his transfer. Wickline appears to argue he has a due process right to challenge a detainer before the Nebraska Department of Correctional Services may treat the detainer as valid. We hold that habeas corpus is not the proper action to challenge the validity of a detainer based upon an untried complaint, where the state filing the detainer has not requested transfer of the prisoner.

The judgment of the district court is affirmed.

AFFIRMED.