Courtney J. VAN RIPER, Petitioner–Appellant,

v.

**SHERIFF OF JEFFERSON COUNTY, Colorado; and District Court of Jefferson County, Colorado, Respondents–Appellees.**

No. 93SA173.

Supreme Court of Colorado, En Banc.

Feb. 7, 1994.

Rehearing Denied Feb. 28, 1994.

Courtney J. Van Riper, pro se.

David J. Thomas, Dist. Atty., First Judicial Dist., Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for respondents-appellees.

**396**

PER CURIAM.

Courtney J. Van Riper (Van Riper) was charged with a felony in Laramie County, Wyoming. Van Riper was thereafter served with a warrant issued by the Jefferson County District Court, charging Van Riper with violation of bail bond and felony failure to appear at a hearing in the district court. Van Riper was convicted and sentenced on the Wyoming charges.

Van Riper filed a *pro se* petition for a writ of habeas corpus against the Sheriff of Jefferson County in the district court, pursuant to the Habeas Corpus Act, §§ 13–45–101 to – 119, 6A C.R.S. (1987 & 1992 Supp.). The district court dismissed the petition, stating that habeas corpus was not the proper remedy since Van Riper was not in the custody of the Sheriff of Jefferson County on the date of issuance of the district court's writ of habeas corpus, or thereafter. The district court found that Van Riper has been in the custody of the Sheriff of Laramie County, Wyoming, since that date.

Van Riper now appeals from the district court's order and challenges the trial court's denial of his habeas corpus petition. Van Riper contends that under Wyoming law he would now be released on an appeal bond, pending his appeal on the Wyoming convictions, were it not for the Colorado warrant. Van Riper further maintains that Jefferson County had constructive custody at the time of the issuance of the writ of habeas corpus.

It is well-settled law in this state that the remedy of habeas corpus cannot be pursued to redress an unlawful restraint where the petitioner is not in the custody of the respondent, *see, e.g., Graham v. Gunter,* 855 P.2d 1384, 1385 (Colo.1993); *Zaborski v. Colorado Dep't of Corrections,* 812 P.2d 236, 238 (Colo. 1991), and the validity of Colorado's detainer cannot be attacked through a habeas corpus petition, *see, e.g., Reed v. People,* 745 P.2d 235 (Colo.1987); *Russell v. Cooper,* 724 P.2d 1302 (Colo.1986). The parties before the trial court in a habeas corpus proceeding are limited to "the petitioner and the person holding the petitioner in custody," and the only question to be resolved is "'whether the custodian has authority to deprive the petitioner of his liberty.'" *Cardiel v. Brittian,*

833 P.2d 748, 751 (Colo.1992) (quoting *Reed v. People,* 745 P.2d 235, 238 (Colo.1987)).

Pursuant to these well-established principles, we affirm the district court's order, without opinion, pursuant to C.A.R. 35(e) (any judgment may be affirmed without opinion). *In re Proposed Initiative Entitled "W.A.T.E.R. II",* 831 P.2d 490 (Colo.1992); *In re Campaign and Political Finance Initiative Adopted on Feb. 12, 1992,* 830 P.2d 954 (Colo.1992).