WILLIAM WILLIAMS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

When, on the trial of an indictment for "burglary in the night time," the jury, after retiring, returned into Court and asked if they could find the defendant guilty of any other offense than that charged in the bill of indictment, and the Court informed them "that they could not; that they must find him guilty or not guilty of burglary in the night time," and the jury found the defendant "guilty:"

*Held*, That this instruction of the Court to the jury was not such as the prisoner could complain of, and the evidence being such as to justify the verdict, a new trial ought not to be granted.

Williams *vs.* The State of Georgia.

Criminal law. Burglary in the night time. Before Judge HOPKINS. Fulton Superior Court. April Term, 1872.

William Williams was tried for the offense of burglary in the night time. The charge contained in the indictment was as follows: " For that the said William Williams, in the county aforesaid, on December 8th, 1871, about the hour of seven o'clock, in the night time of the same day, with force and arms, the store-house of one James Zachry, there situate, where valuable goods, wares and merchandise, to-wit: silk dresses, gloves and money were contained and stored, feloniously and burglariously did break and enter with intent, the goods and chattels of said James Zachry, in said store-house then and there being, then and there feloniously and burglariously to steal, take and carry away." The defendant pleaded not guilty. The jury returned a verdict of guilty, and recommended the defendant to the mercy of the Court.

The defendant moved for a new trial upon the following, among other grounds, to-wit:

1st. Because the Court erred in failing to instruct the jury that, if they believed, from the evidence, that the defendant was not guilty of the offense charged in the indictment, they might find for a lesser offense, to-wit: an attempt to commit a burglary, burglary in the day time, or an attempt to commit a larceny from the house, provided they believed the evidence would justify a verdict of either of the last mentioned offenses.

2d. Because the Court erred, when the jury came out of their room and inquired whether they could find the defendant guilty of any other offense than that charged in the inindictment, in instructing them that they must find him guilty of burglary in the night time, or not guilty, and in failing to instruct them that they might find for a lesser offense, to-wit: an attempt to commit a burglary, burglary in the day time, or an attempt to commit a larceny from the

house, provided they believed the evidence would justify a verdict for either of the last mentioned offenses.

The motion for a new trial was overruled by the Court and defendant excepted and assigns said ruling as error.

RICHARD S. JEFFERIES, for plaintiff in error. Jury may find for less offense than that charged: 1 Ga. R., 222; Code, sec. 4581; 1 Hay..R., 12; 3 Har. R., 554; 22 Pick. R., 1; 14 Vt. R., 353; 11 N. H. R., 269; *Ibid.*, 37. Burglary includes larceny from the house: Code, secs. 4320, 4347. Different grades charged in same count: 1 Bish. on Crim. Law., 539; 12 Ga. R., 293; 1 Bish. Crim. Law., 520; Code, sec. 4615; 10 Ga. R., 422; 9 Carr. and Pa. R., 215. Punishment prescribed for attempts to commit crime: Code, secs. 4615, 4349. Assault " with attempt" and assault " with intent," the same: 14 Ga. R., 55. Offense can be understood from indictment, sufficient: 11 Ga. R., 52; *Ibid.*, 467; 17 Ga. R., 290. If the charge was wrong, defendant was injured: 30 Ga. R., 133. Circumstances must exclude every other hypothesis but that of guilt: 1 Starkie on Ev., 575; 1 Greenleaf on Ev., sec. 13; 3 *Ibid.*, sec. 29.

J. T. GLENN, Solicitor General, for the State. Burglary in the night time does not include burglary in the day time: 26 Ga. R., 396.

McCAY, Judge.

It is contended that the direction of the Court to the jury was wrong, for several reasons. 1st. It is said that the jury may always find the attempt instead of the act. And this is true if the evidence justifies it. But the evidence here is that the crime of burglary, to-wit, breaking and entering with intent to steal, is complete. At any rate it is not required that one shall *steal* to make burglary. So that here was no *attempt* to commit burglary. 2d. It is said the jury might, under the indictment, have found a verdict of guilty of burglary in the day time. The mistake here is, that it is as-

sumed that burglary in the day time is included in burglary in the night time. It is only where the lesser offense is *included* in the greater that a verdict can be for the lesser under an indictment for the greater; as assault and battery in murder; assault, in assault and battery, etc. Burglary in the night does not *include* burglary in the day time. One may be guilty of the latter and not of the former, and of the former and not of the latter.

It is said again that the jury might have found the defendant guilty of larceny from the house. This is very plausible. Larceny from the house may be, in this State, breaking a house with intent to steal, or entering a house with intent to steal, and it is very true that burglary, to-wit, breaking and entering with intent to steal, does, in the very nature of things, include breaking with intent to steal, or entering with intent to steal. But there is an ingredient in larceny from the house that does not exist in burglary. In burglary, if one break and enter with intent to steal, he is guilty of the offense. But he is not guilty of larceny from the house if, after breaking or entering with intent to steal, he, of his *own motion, change that intent.* To make out the crime of larceny from the house, when there is no theft or taking, there must be a breaking or entering with intent to steal, and the offender must be *prevented* by *detection:* Code, section 4347, construed with 4349 and 4350. The crime of *actual* "larceny from the house" is imputed, because it exists *in intent,* and only does not exist in fact because of its having been prevented by another. But burglary, to-wit, breaking and entering with intent to steal, is complete as soon as the breaking and entering is complete, with the intent to steal. No amount of after repentance will help it.

If the jury in this case were satisfied that the prisoner *broke and entered* with intent to steal, he was guilty; and if they thought he had *only* entered with intent to steal, he was not guilty. It is true, the proof shows that he was detected and prevented, and it may be that this made him, *in fact,* guilty of larceny from the house, if he did not break in.

Still, under this indictment, the jury could not find him guilty of larceny from the house, because the *indictment does not charge him to have been detected and prevented.* We see, therefore, no reason to find fault with the direction of the Court to the jury.

As to the verdict, there is plenty of evidence to sustain it. The window is proven pretty clearly to have been down. There is, at any rate, sufficient proof of it to save the verdict from being illegal, as contrary to the evidence, and we affirm the judgment. It may be added, also, that the prisoner, even on the hypothesis that if he was not guilty of burglary might have been found guilty of something else, got a better charge than he was entitled to and has no reason to complain, since the Judge told the jury that if he was not guilty of burglary he was to be found not guilty generally.

Judgment affirmed.

WARNER, Chief Justice, concurring.

The defendant was indicted for the offense of burglary. The Court charged the jury that, under the evidence in the case, they could not find the defendant guilty of any other offense than that charged in the indictment, that they must find him guilty of burglary in the night time, (that being the offense charged in the indictment,) or not guilty. The evidence was quite clear that the defendant broke and entered the store-house in the night time, where valuable goods were contained and stored, with intent to commit a larceny, but was prevented from carrying such intention into effect after he had so broke and entered the store-house in the night time. Burglary, as defined by the Code, is the breaking and entering into the dwelling, mansion, or store-house, or other place of business of another, where valuable goods, wares, produce or any other articles of value are contained or stored, with intent to commit a felony or larceny, and may be committed in the day or night. The punishment is different when the offense is committed in the night than when com-

mitted in the day time. Larceny from the house is the breaking or entering any house with the intent to steal, or, after breaking or entering said house, stealing therefrom any money, goods, chattels, wares, merchandise or anything or things of value whatever.

Any person breaking and entering any house or building, (other than a dwelling house or its appurtenances) with intent to steal, but who is detected, and prevented from carrying such intention into effect, shall be punished as prescribed in section 4245 of the Code. It is claimed that the 4351st section applies as well to cases of burglary as to larceny from the house. It might be a sufficient reply to say, that the law-making power has not so applied it, and consequently, the Courts cannot do so. Burglary is an offense against the habitations of persons. Larceny from the house is an offense relative to property, and the 4351st section of the Code applies to the latter class of offenses, and not to the former; it was not intended to apply to the offense of burglary. The distinction between burglary and larceny from the house is, that in the one case there must be a breaking and entering into the dwelling, mansion, or store house, or other place of business of another, where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny. When the defendant had broke and entered into any house of the aforesaid description in the night time, with intent to commit a larceny, the offense of burglary was complete, and he might be punished therefor as prescribed by the Code, notwithstanding he may have been detected, and prevented from carrying such intention into effect. But in the case of an indictment for larceny from the house, although the defendant may have broke and entered any house or building (other than a dwelling house or its appurtenances) with intent to steal, but who is detected and prevented from carrying such intention into effect, shall be punished as prescribed by the 4245th section of the Code. This distinction, as to the punishment of the defendant in the two classes of offenses enumerated when he is

detected, and prevented from carrying his intention into effect, most clearly exists, for the simple reason that .the law so declares. In the case of larceny from the house, when the defendant breaks and enters the house with intent to steal, but is detected and prevented, etc., the punishment is mitigated, but in the case of burglary it is not; if the defendant breaks and enters the description of house mentioned in the statute, with the intention to commit a felony, or larceny, and is detected and prevented, etc., the punishment is not mitigated on that account in an indictment for burglary, and the jury under the law had no right, if they believed the defendant broke and entered the house as charged in the indictment, to find a verdict for any less offense than that charged therein; although they might have believed that the defendant was detected and prevented after he had broke and entered the house from carrying his intention into effect. The offense of burglary was complete, and the law does not relieve him from its consequences, because he was detected and prevented from carrying his intention into effect, as in cases of larceny from the house, and that is the distinction between the two classes of offenses, which the Courts are bound to recognize, for the simple reason that it is plainly so written in the Code of Georgia.