### HUMPHRIES *vs.* NIX.

APPEAL, FROM ROCKDALE. Promissory Notes. Sealed Instruments. Contracts.
(Before Judge Stewart.)

Jackson, C. J.—Where at the end of a note were the words "Signed and sealed" followed by the signature of the maker and a scroll for a seal, with the letters "L. S." written across it, this was equivalent to the words "Witness my hand and seal," followed in the same way, and the paper was a sealed instrument under §2915 of the Code. 72 Ga., 898; 69 Id., 762.

Judgment affirmed.

A. C. McCalla, by brief, for plaintiff in error.

A. C. Perry, by J. N. Glenn, for defendant.

---

### LANIER *vs.* STATE.

BURGLARY, FROM GORDON. Criminal Law. Indictment. Larceny. Burglary. (Before Judge Fain.)

Jackson, C. J.—1. To charge in an indictment the breaking and entering of the storehouse of another with intent to steal therefrom his goods and chattels therein contained, is a sufficient charge of burglary, without adding "where valuable goods, wares, etc., are contained or stored." Those words in §4386 of the Code apply to the words "or other place of business of another" in the same section, and not to the "dwelling, mansion or storehouse."

(a) It is not necessary to describe the goods, etc., or to allege their value.

2. If the defendant broke and entered a storehouse with intent to steal, and was prevented from doing so in the very act of trying to open a drawer, the crime is burglary, and there was no error in charging to that effect.

3. Section 4417 of the Code, in respect to the punishment of persons "breaking and entering any house or building (other than a dwelling house and its appurtenances), with intent to steal, but who is detected and prevented from carrying such intention into effect, or any person breaking any such house or building and stealing therefrom any money," etc., refers to other houses than those wherein burglary is the offense, as described in §4386, which, as amended, includes other houses than the dwelling house, and embraces storehouses. 46 Ga., 216 (concurring opinion of Warner, C. J.)

Judgment affirmed.

Dabney & Fouche, for plaintiff in error.

J. W. Harris, Jr., solicitor general, by Robt. B. Trippe, for the state.