IN RE WILLIAM McVEY.

FILED FEBRUARY 3, 1897.  No. 8999.

1. **Burglary:** TIME COMMITTED. That the act be committed in the night-time is an essential element of the crime of burglary.

2. ———: INFORMATION: HOUSEBREAKING. Under an information against a person for the crime of burglary, he cannot be convicted of the statutory offense of breaking and entering buildings in the daytime described in section 53 of the Criminal Code.

3. **Criminal Law:** SENTENCE. Jurisdiction to pronounce a particular sentence imposed is as essential as jurisdiction of the person and subject-matter. If the first does not exist the sentence is void.

ORIGINAL application for writ of *habeas corpus*. *Petitioner discharged.*

*W. S. Shoemaker,* for petitioner.

HARRISON, J.

In this, an application for a writ of *habeas corpus* on behalf of William McVey, who, it is pleaded in the petition, is unlawfully imprisoned and restrained of his liberty by John McDonald, sheriff of Douglas county, it appears that the applicant was arrested, informed against, and tried in the district court of Douglas county on a charge of the crime of burglary. The jury returned the following verdict: "We, the jury duly impaneled and sworn to try the case of the state of Nebraska against William McVey, do find the said defendant not guilty of the crime of burglary as charged, but do find him guilty of the crime of breaking and entering in the daytime with intent to steal property of value." Counsel for defendant moved his discharge, but this was overruled and the prisoner sentenced to imprisonment in the penitentiary for a term of two years and six months.

It is claimed that the crime of burglary and that of breaking and entering in the daytime are distinct offenses and that a conviction of the latter cannot be had

35

under a charge of the former; that inasmuch as the jury adjudged the prisoner not guilty of the former, he was entitled to be discharged; that the court had no jurisdiction to sentence him; hence its judgment was void and the prisoner should be released. Burglary is defined in our statutes as follows: "If any person shall, in the night season, willfully, maliciously and forcibly break and enter into any dwelling house, * * * with intent to kill, rob, commit a rape, or with intent to steal property of any value, or commit any felony, every person so offending shall be deemed guilty of burglary, and shall be imprisoned in the penitentiary not more than ten nor less than one year" (Criminal Code, sec. 48); and the crime of breaking and entering buildings in the daytime is stated as follows: "If any person shall wilfully and maliciously, in the day time, break and enter any dwelling house, * * * with intent to steal, or commit any felony, every person so offending shall be punished by imprisonment in the penitentiary not more than five years, or by fine not exceeding $500 and imprisonment in the jail of the county not exceeding six months at the discretion of the court." (Criminal Code, sec. 53.) "Burglary is a felony at common law, and a burglar is defined by Lord Coke as 'he that in the night-time breaketh and entereth into a mansion house of another of intent to kill some reasonable creature or to commit some other felony within the same, whether his felonious intent be executed or not.'" (2 Am. & Eng. Ency. of Law, p. 659, note 1.) "Inasmuch as, at common law, burglary could be committed in the night-time only, and as the circumstance of the nocturnal entrance was vital to the offense, the allegation of night-time in the indictment was essential and the indictment was insufficient without it." (3 Ency. Pl. & Pr., p. 741.) That the breaking and entering be in the night-time is, by our statutes, made one of the essential elements of the crime of burglary and must be both pleaded and proved. The crime of burglary as set forth in the Criminal Code differs from that of breaking and

entering buildings in the daytime as described in section
53 of the same Code.   A man may not be informed
against for one crime and convicted of another and dif-
ferent one.   He is entitled to know the nature and cause
of the accusation (see Constitution, art. 1, sec. 11), so that
he may be enabled to prepare and make his defense, if
any he has.   The statement of the time as to the crime
of burglary is an averment of a material element thereof
and must be specifically proved as laid.   The crime of
breaking and entering buildings in the daytime is not
included in a charge of burglary, and a prisoner cannot
be convicted of the former under a charge of the latter,
or burglary.   (*Bromley v. People*, 37 N. E. Rep. [Ill.], 209;
*Guynes v. State*, 8 S. W. Rep. [Tex.], 667;  *State v. Behec*, 17
Kan., 402; *State v. Adams*, 20 Kan., 329; *Mace v. State*, 9
Tex. App., 110; *Bravo v. State*, 20 Tex. App., 188; *Waters
v. State*, 53 Ga., 567; *Williams v. State*, 46 Ga., 212; *State
v. Alexander*, 56 Mo., 131.)   This being true, the verdict
herein did not warrant the court in sentencing the pris-
oner, as it announced him not guilty of the burglary as
charged.

The only further question presented is whether the
sentence of the court was merely erroneous or whether it
was illegal in such a sense as to be void.   It may be said
that the modern doctrine or idea is that a court must
possess jurisdiction not only of the person and subject-
matter, but to impose the sentence which is adjudged.
If the latter is lacking the sentence is not merely voida-
ble but void.   (Black, Judgments, sec. 258;  citing, among
others, *Ex parte Lange*, 18 Wall. [U. S.], 63;  *Ex parte Mil-
ligan*, 4 Wall. [U. S.], 131; *Ex parte Wilson*, 114 U. S., 417;
*Ex parte Kearny*, 55 Cal., 212; *In re Petty*, 22 Kan., 477.
See, also, *Ex parte Cox*, 32 Pac. Rep. [Ida.], 197; *Ex parte
Yarbrough*, 110 U. S., 651.)   In the case at bar, the jury
having, by its verdict, determined the prisoner not guilty
as charged, although it further adjudged him guilty of
another crime, the trial court had no jurisdiction to sen-
tence him;  hence its attempt in that direction was ille-

gal in such sense that it was void, and *habeas corpus* the appropriate remedy. (*In re Betts*, 36 Neb., 282; *In re Havlik*, 45 Neb., 747.) It follows that the prisoner must be discharged.

PRISONER DISCHARGED.