JOE MINGUS, APPELLANT, V. CHARLES F. FAIRBANKS, SHERIFF, HALL COUNTY, NEBRASKA, APPELLEE.

317 N.W.2d 770

Filed March 26, 1982. No. 81-610.

John S. Mingus of Mingus & Mingus, for appellant.

Don Walters, Deputy Hall County Attorney, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN,

WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.

KRIVOSHA, C.J.

The appellant, Joe Mingus (Mingus), appeals from an order entered by the District Court for Hall County, Nebraska, denying the relief requested by Mingus in his petition for a writ of habeas corpus. We have reviewed the record and now determine that the trial court was in error in denying Mingus the requested relief. Accordingly, we reverse and remand with directions.

Mingus was originally charged with the felony offense of pandering in violation of Neb. Rev. Stat. § 28-802 (Reissue 1979). This is a Class IV felony. He entered a plea of not guilty and waived a trial to a jury. Following a trial to the court, the trial court found Mingus guilty of debauching a minor, a violation of Neb. Rev. Stat. § 28-805 (Reissue 1979), a Class I misdemeanor. The theory of the trial court apparently was that the offense of debauching a minor is a lesser-included offense of pandering, and therefore the trial court could, if it chose to do so, find the defendant guilty of the lesser-included offense, even though no such charge had been filed against Mingus.

Mingus filed a petition for writ of habeas corpus, alleging that he was being illegally held in that he was found guilty and incarcerated under an offense with which he had never been charged. The trial court dismissed that petition and Mingus now appeals to this court.

The simple answer to this appeal is that the offense of debauching a minor is not a lesser-included offense of pandering, and it was clearly error for the court, as the trier of fact, to reach such a conclusion. In *State v. White,* 209 Neb. 218, 227, 306 N.W.2d 906, 913 (1981), we defined what a lesser-included offense was by saying: " 'A lesser included offense is one

which is necessarily established by proof of a greater offense. [Citation omitted.] To be a lesser included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser.' " See, also, *State v. Colgrove,* 197 Neb. 375, 248 N.W.2d 780 (1977).

In order to be guilty of debauching a minor, one must prove that a person, not a minor, debauched or depraved the morals of a boy or girl *under the age of 17* by (a) lewdly inducing such boy or girl carnally to know any other person; or (b) soliciting any such boy or girl to visit a house of prostitution or other place where prostitution, debauchery, or other immoral practices are permitted or encouraged, for the purpose of prostitution or sexual penetration; or (c) arranging or assisting in arranging any meeting for such purpose between any such boy or girl and any female or male of dissolute character or any inmate of any place where prostitution, debauchery, or other immoral practices are permitted or encouraged; or (d) arranging or aiding or assisting in arranging any meeting between any such boy or girl and any other person for the purpose of sexual penetration.

Pandering, on the other hand, is committed if the person charged (a) entices another person to become a prostitute; or (b) procures or harbors therein an inmate for a house of prostitution or for any place where prostitution is practiced or allowed; or (c) inveigles, entices, persuades, encourages, or procures any person to come into or leave this state for the purpose of prostitution or debauchery; or (d) receives or gives or agrees to receive or give any money or other thing of value for procuring or attempting to procure any person to become a prostitute or commit an act of prostitution or come into this state or leave this state for the purpose of prostitution or debauchery. Age is not an

element of this offense as it is in the debauching a minor offense.

While both offenses may involve similar activities when viewed in their entirety, the elements of the crime of pandering and the elements of the crime of debauching a minor are such that one could commit pandering without also automatically being guilty of debauching a minor. Obviously, one could commit pandering without being involved with a minor as one could be guilty of debauching a minor without doing any of the things prohibited by the pandering statute. Stated simply, debauching a minor is not a lesser-included offense of pandering and it was error for the court to so find. The facts of the case do not support the trial court's conclusion that although Mingus was charged with pandering, he could be found guilty of debauching a minor as a lesser-included offense.

Counsel for the appellee conceded at oral argument, as he was required to do, that debauching a minor is not a lesser-included offense of pandering. Nevertheless, he argues that habeas corpus is not a proper remedy in a case of this nature. We are unable to discern why that should be. A writ of habeas corpus is a proper remedy to use when one seeks release upon a showing that the judgment, sentence, and commitment are void. See, *In re Application of Dunn,* 150 Neb. 669, 35 N.W.2d 673 (1949); *Swanson v. Jones,* 151 Neb. 767, 39 N.W.2d 557 (1949); *Pruitt v. Parratt,* 197 Neb. 854, 251 N.W.2d 179 (1977).

A case directly on point is our early decision of *In re McVey,* 50 Neb. 481, 70 N.W. 51 (1897), and cited with approval by us in *State v. McClarity,* 180 Neb. 246, 142 N.W.2d 152 (1966). In *McVey,* the appellant was charged with the crime of burglary. The jury acquitted the appellant on the charge of burglary, but found him guilty of breaking and entering in the daytime. In discharging appellant from custody, we said at 483-84, 70 N.W. at 52: "The only further

question presented is whether the sentence of the court was merely erroneous or whether it was illegal in such a sense as to be void. It may be said that the modern doctrine or idea is that a court must possess jurisdiction not only of the person and subject-matter, but to impose the sentence which is adjudged. If the latter is lacking the sentence is not merely voidable but void. (Black, Judgments, sec. 258; citing, among others, *Ex parte Lange,* 18 Wall. [U.S.], 63; *Ex parte Milligan,* 4 Wall. [U.S.], 131; *Ex parte Wilson,* 114 U.S., 417; *Ex parte Kearny,* 55 Cal., 212; *In re Petty,* 22 Kan., 477. See, also, *Ex parte Cox,* 32 Pac. Rep. [Ida.], 197; *Ex parte Yarbrough,* 110 U.S., 651.) In the case at bar, the jury having, by its verdict, determined the prisoner not guilty as charged, although it further adjudged him guilty of another crime, the trial court had no jurisdiction to sentence him; hence its attempt in that direction was illegal in such sense that it was void, and *habeas corpus* the appropriate remedy. (*In re Betts,* 36 Neb., 282; *In re Havlik,* 45 Neb., 747.) It follows that the prisoner must be discharged."

The conviction in this case was also void. This court is without choice but to reverse the action of the trial court and remand the same with instructions to discharge the appellant.

REVERSED AND REMANDED WITH DIRECTIONS.