IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

COLE V. SABATKA-RINE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

FRANKIE LEVI COLE, APPELLANT,
V.
DIANE SABATKA-RINE, WARDEN OF THE NEBRASKA STATE PENITENTIARY, APPELLEE.

Filed March 25, 2014.    No. A-13-018.

Appeal from the District Court for Lancaster County: PAUL D. MERRITT, JR., Judge. Affirmed.

Frankie Levi Cole, pro se.

Jon Bruning, Attorney General, and George R. Love for appellee.

INBODY, Chief Judge, and MOORE and PIRTLE, Judges.

MOORE, Judge.

Frankie Levi Cole filed a petition for a writ of habeas corpus in the district court for Lancaster County. The district court partially granted the State's motion for summary judgment and held a hearing to determine whether Cole was represented by counsel or had waived counsel for a prior conviction that had been used to enhance Cole's sentence. After the hearing, the district court found that Cole's petition was without merit and entered an order denying Cole's petition. Cole appealed to this court. For the reasons explained in the opinion below, we affirm the district court's order.

FACTUAL BACKGROUND

In 1996, a jury found Cole guilty of theft by receiving stolen property and operating a motor vehicle to avoid arrest. After finding Cole to be a habitual criminal, the district court sentenced him to two consecutive 15-year prison sentences. Following his convictions and sentences, Cole filed a direct appeal in this court, in which he challenged, among other things, the admissibility of the evidence to support the finding that he was a habitual criminal. We

- 1 -

summarily affirmed the convictions and sentences. *State v. Cole*, 6 Neb. App. xxv (No. A-97-007, Nov. 10, 1997).

While his direct appeal was pending before this court, Cole filed his first motion for postconviction relief. However, because his direct appeal was still pending, the district court dismissed Cole's postconviction motion. Cole appealed the district court's dismissal, and we affirmed. *State v. Cole*, 6 Neb. App. xliv (No. A-97-1155, Apr. 2, 1998).

Cole filed a second motion for postconviction relief on April 29, 1998, and amended that motion on January 4, 1999. The basis for that motion was ineffective assistance of trial and appellate counsel. The district court denied Cole's motion without an evidentiary hearing, and we granted the State's motion for summary affirmance on appeal. *State v. Cole*, 8 Neb. App. xlii (No. A-99-068, Sept. 24, 1999).

On January 13, 2006, Cole filed a third motion for postconviction relief. In that motion, Cole alleged that (1) the charging information from his 1996 case was inadequate, because an element of the crime was not included; (2) the jury instructions at trial were inadequate; and (3) he received ineffective assistance of counsel. The district court again denied his motion without an evidentiary hearing. We affirmed on appeal, determining that all aspects of Cole's motion were procedurally barred. *State v. Cole*, No. A-06-566, 2008 WL 352331 (Neb. App. Feb. 5, 2008).

On February 24, 2012, Cole filed a petition for writ of habeas corpus. On April 11, Cole filed an amended petition which raised three claims: (1) that his determinate sentences of a flat 15 years' imprisonment on each count were not authorized by statute and void as a matter of law; (2) that the allegation of his status as a habitual criminal in the 1996 information was untimely and the evidence was insufficient to enhance his sentences; and (3) that his sentences as a habitual criminal were improper, because flight to avoid arrest had its own enhancement provisions.

The State filed a motion for summary judgment which the district court granted in part. The district court found as a matter of law that Cole's argument as to his indeterminate sentences was without merit and that his flight conviction had not been improperly enhanced. However, the court found there was a genuine issue of material fact as to Cole's claim that his sentences were void because he claimed he had not voluntarily waived counsel in a previous proceeding used for enhancement. The court noted that in 1976, Cole represented himself pro se against a charge of unlawful possession of a controlled substance. The record also shows that Cole was provided a technical advisor during the proceedings. However, the court concluded that the record did not reflect whether Cole had been advised of his right to be represented by counsel and made a knowing, intelligent, and voluntary election to decline counsel and proceed pro se after that advisement.

The district court held a hearing on Cole's remaining claim on December 11, 2012. Following this hearing, the court denied Cole's petition for habeas corpus, finding that Cole did not meet his burden of proof. The court found that Cole did not present any evidence to establish what took place during the 1976 case. The court also found that the evidence showed Cole refused to continue with court-appointed counsel in that case without a justifiable reason and that he was therefore not denied his constitutional right to counsel. Cole appeals to this court.

ASSIGNMENTS OF ERROR

Cole assigns six errors in this appeal. He argues, restated, that the district court committed reversible error when it (1) found the district court had jurisdiction of the 1996 proceedings, (2) determined that Cole had counsel or waived counsel in the proceedings for his prior convictions, (3) determined that Cole's conviction for operation of a motor vehicle to avoid arrest could be enhanced under the habitual criminal statute, (4) refused to take judicial notice of Cole's habitual criminal enhancement proceedings in 1996 and denied his motion for a transcript of those proceedings, (5) denied his posttrial motions to alter or amend the judgment, and (6) denied his requests to be represented by counsel during the habeas proceedings.

STANDARD OF REVIEW

On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo. *Anderson v. Houston*, 277 Neb. 907, 766 N.W.2d 94 (2009).

ANALYSIS

*Habeas Corpus Relief in Nebraska.*

Habeas corpus is a special proceeding providing a summary remedy to persons illegally detained. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012). A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty. *Id*. Habeas corpus requires the showing of legal cause, that is, that a person is detained illegally and is entitled to the benefits of the writ. *Id*.

A writ of habeas corpus in Nebraska is quite limited in comparison to its federal counterpart. See *id*. Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction. *Id*. Only a void judgment may be collaterally attacked. *Id*. Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Id*. Thus, a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose. *Id*. A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose. *Id*. "'[T]he regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for writ of habeas corpus, for that matter is available only in a direct proceeding.'" *Id*. at 867, 824 N.W.2d at 33, quoting *Rehbein v. Clarke*, 257 Neb. 406, 598 N.W.2d 39 (1999).

With the above-mentioned principles in mind, we proceed to address Cole's assignments of error.

*District Court Jurisdiction Over*
*Second Amended Information.*

Cole argues the district court lacked jurisdiction over the second amended information because the State did not file the second amended information until after trial proceedings had begun. He claims the record shows that the information was not amended to include the habitual criminal allegations until after the jury had returned its verdict.

This argument is not proper in a habeas corpus proceeding. As noted above, the writ for habeas corpus is not a writ for correction of errors in the proceedings. See *Peterson v. Houston, supra*. Cole was required to challenge the State's amendment to the information on direct appeal and failed to do so.

Further, the district court clearly had jurisdiction of Cole and the subject matter in the underlying criminal action. Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the subject matter involved. *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004). District courts are vested with general, original, and appellate jurisdiction over civil and criminal matters. See, Neb. Rev. Stat. § 24-302 (Reissue 2008); *Peterson v. Houston, supra*. A district court has discretion to allow amendment of a criminal information. *State v. Collins*, 281 Neb. 927, 799 N.W.2d 693 (2011). Finally, Nebraska law provides for penalty enhancement under the laws relating to habitual criminals. See Neb. Rev. Stat. § 29-2221 (Reissue 2008). An enhanced sentence under the habitual criminal laws is not a separate crime, but is simply a stiffened penalty for a crime which is considered to be an aggravated offense because it is a repetitive one. See *State v. Pieper*, 274 Neb. 768, 743 N.W.2d 360 (2008). It is axiomatic that if a trial court has jurisdiction over the crime charged, it also has jurisdiction over the enhancement proceeding. The habitual criminal amendment to the information in this case cannot be attacked in a collateral habeas corpus action. This assigned error is without merit.

*Validity of Cole's Prior Convictions for*
*Habitual Criminal Enhancement.*

Cole contends the district court erred when it determined that he was represented by counsel or had waived his right to counsel for the prior convictions that were used to enhance his 1996 felony convictions. He argues that his refusal of counsel in 1976 was insufficient to show that he voluntarily, intelligently, and knowingly waived counsel. Although he did not raise his 1979 conviction in Mississippi in his petition for habeas corpus, Cole asserted at the hearing that the evidence the State used to prove that conviction was not properly authenticated and was insufficient to show that he was represented by counsel. He maintains that because of these issues, his 1996 sentences are void.

The State argues that this claim is not cognizable in state habeas proceedings, citing *State v. Kuehn*, 258 Neb. 558, 604 N.W.2d 420 (2000). In *Kuehn*, the Nebraska Supreme Court considered whether a petitioner could file separate proceedings to collaterally attack prior felony convictions that were used to enhance a sentence under the habitual criminal statute. The basis of the petitioner's challenge in that case was that the records from his prior convictions did not disclose whether he understood and waived his privilege against self-incrimination in those proceedings. The Nebraska Supreme Court, in reversing a number of cases, held that prior convictions sought to be used for penalty enhancement in habitual criminal proceedings could not be attacked in separate proceedings.

In granting a hearing on this portion of Cole's habeas petition, the district court relied upon *Berumen v. Casady*, 245 Neb. 936, 515 N.W.2d 816 (1994). In that case, the Supreme Court stated that a collateral attack through habeas corpus proceedings may be made by one in custody on an enhanced driving while intoxicated sentence imposed in the absence of proof that

the defendant had or waived counsel in the enhancing conviction, for such an enhanced sentence is constitutionally invalid and thus void.

In this case, the district court acknowledged the State's reliance on *Kuehn*, but concluded that the holding in that case did not apply to challenges to prior convictions on the basis of whether a defendant was represented by counsel or had waived that right. Assuming without deciding that the district court was correct, and a habeas petitioner may still challenge a prior conviction on the basis of whether a prior conviction was counseled or counsel was intelligently waived, we nevertheless find no error in the district court's ultimate resolution on the merits of this issue.

In a habitual criminal proceeding, the State's evidence must establish with requisite trustworthiness, based upon a preponderance of the evidence, that (1) the defendant had been twice convicted of a crime, for which he or she was sentenced and committed to prison for not less than 1 year; (2) the trial court rendered a judgment of conviction for each crime; and (3) at the time of the prior conviction and sentencing, the defendant was represented by counsel or had knowingly and voluntarily waived representation for those proceedings. *State v. Kinser*, 283 Neb. 560, 811 N.W.2d 227 (2012); § 29-2221.

At the December 2012 hearing, the State presented evidence of Cole's 1976 conviction for unlawful possession of a controlled substance. This evidence included a document entitled "Judge's Minutes" which noted that Cole had refused counsel 1 day before trial, but was provided an attorney to serve as a technical advisor for the proceedings. Cole conceded that he refused counsel, but stated that his refusal of counsel during those proceedings did not amount to a voluntary waiver of his right to counsel. The district court found that Cole did not meet his burden of proof to establish that he was not aware of his right to counsel or that he had not voluntarily waived that right. The district court also noted in its decision that a criminal defendant who refuses to accept offered counsel without justifiable reason and proceeds pro se has not been deprived of the constitutional right to counsel. See *State v. Clark*, 216 Neb. 49, 342 N.W.2d 366 (1983).

The petitioner in a habeas corpus proceeding has the burden of proving that the sentences are void. See *Berumen v. Casady, supra*. The district court determined that Cole did not meet that burden, and based on the record before us, we find that decision was not clearly erroneous.

We similarly reject Cole's arguments relating to his Mississippi conviction in 1979. Having reviewed the exhibit the State submitted regarding Cole's Mississippi conviction, we find that Cole was convicted of felony shoplifting and sentenced to 5 years' imprisonment. The exhibit also shows that Cole was provided counsel during that case. The record from the habeas proceedings also shows that Cole did not submit any evidence, other than his own arguments, to prove otherwise. This assigned error is without merit.

*Habitual Criminal Enhancement of*
*Conviction of Felony Flight to*
*Avoid Arrest Was Proper.*

Cole also argues that his conviction for felony operation of a motor vehicle to avoid arrest under Neb. Rev. Stat. § 28-905(2) (Reissue 1995) was improperly enhanced when he was sentenced as a habitual criminal. He claims, as a matter of law, there could be no habitual

criminal enhancement of his conviction under § 28-905 because the sentencing judge no longer had discretion to impose the driver's license suspension penalty as permitted by the statute. See § 28-905(5).

As with the previous assignment of error, assuming without deciding that this is a cognizable habeas claim, Cole's argument fails. The Nebraska Supreme Court recently held in *State v. Kinser, supra*, that a felony conviction under § 28-905 may be enhanced under the Nebraska habitual criminal statute and that such enhancement does not constitute impermissible double enhancement. Although the language of § 28-905 has changed since Cole's conviction in 1996, the same principles in *Kinser* apply to this case. This assigned error is without merit.

*District Court's Refusal to Take Judicial*
*Notice of 1996 Proceedings or Provide*
*Transcript of Those Proceedings.*

During the December 11, 2012, hearing, Cole stated that he had subpoenaed the district court for Douglas County for the bill of exceptions from his 1996 case. When the court responded that it had not received anything regarding those proceedings, Cole asked that the court continue the proceeding or take judicial notice of the 1996 proceedings. The district court denied Cole's request to take judicial notice of the 1996 proceedings and reminded Cole that it was his burden to show during the hearing that his sentences from his 1996 convictions were void. The district court then asked Cole whether he was ready to go forward with the hearing at that time and present evidence to meet his burden of proof, to which Cole stated that he was ready to go forward with the hearing and would consider whether the evidence was sufficient after the hearing. The district court again asked Cole if he wished to "go forward today based upon whatever you have" and Cole responded in the affirmative. Cole proceeded with the hearing, testifying to what occurred during the 1996 proceedings.

Having reviewed the record in this case, we determine that the district court did not err when it declined to take judicial notice of the 1996 proceedings. Neb. Rev. Stat. § 27-201 (Reissue 2008) permits a court to take judicial notice of adjudicative facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (a) generally known within the territorial jurisdiction of the trial court or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. § 27-201(2). An entire trial record cannot be said to fall within the definition of a judicially noted fact as set out in § 27-201(2). *State v. Ryan*, 233 Neb. 74, 444 N.W.2d 610 (1989). See, also, *Strunk v. Chromy-Strunk*, 270 Neb. 917, 708 N.W.2d 821 (2006).

Further, Cole has waived this argument by determining that he would proceed with the hearing as opposed to requesting a continuance. Although Cole again complained later in the hearing that the district court for Douglas County should have provided him with a transcript of the 1996 proceedings, he continued with the hearing without requesting a continuance to obtain the record. One may not waive an error, gamble on a favorable result, and, upon obtaining an unfavorable result, assert the previously waived error. *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012). This assigned error is without merit.

*Denial of Cole's Posttrial Motions.*

Although Cole assigns error to the district court's order denying his motions to amend to conform to the evidence and to alter or amend the judgment, he does not separately argue this error in his brief. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Eagle Bull*, 285 Neb. 369, 827 N.W.2d 466 (2013). Further, this assigned error is based on the same arguments we have rejected above. We conclude this assigned error is without merit.

*Denial of Request to Appoint Counsel.*

Finally, Cole argues that the district court should have appointed counsel to represent him at the December 11, 2012, hearing. He contends that because he raised a justiciable issue in his petition for habeas corpus, the district court abused its discretion by failing to appoint counsel. To support his claim, Cole points to the fact that counsel is appointed in postconviction claims when an indigent petitioner presents a justiciable issue to the district court. See, *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011); *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). He claims the liberty interest for a habeas petitioner is equal in significance to that of a postconviction petitioner.

While a district court has the discretion to appoint an attorney to represent a prisoner in a postconviction action, there is no federal or state constitutional right to an attorney in state postconviction proceedings. *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010). Unlike the state postconviction statutes, however, the statutes relating to the writ of habeas corpus in Nebraska do not mention any right to counsel or empower the district courts to appoint counsel in habeas proceedings. See Neb. Rev. Stat. §§ 29-2801 through 29-2824 (Reissue 2008). Further, as noted by the U.S. Supreme Court, the general rule is that there is no right to counsel in state collateral proceedings. See *State v. Victor*, 242 Neb. 306, 494 N.W.2d 565 (1993). The U.S. Supreme Court has consistently stated that the right to appointed counsel extends to the first appeal of right and no further. See *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).

We conclude that while Cole may have raised a justiciable issue in his habeas corpus petition (again, which we do not decide), there was no right to counsel in those proceedings. This assigned error is without merit.

## CONCLUSION

For the reasons discussed above, Cole's petition for habeas corpus relief was properly denied by the district court. We affirm the district court's order.

AFFIRMED.