**Clyde Dixon HINKLE, Petitioner-Appellant,**

v.

**OHIO PAROLE AUTHORITY, Respondent-Appellee.**

No. 19882.

United States Court of Appeals Sixth Circuit.

Dec. 16, 1969.

Clyde Dixon Hinkle, in pro. per.

Paul W. Brown, Atty. Gen. of Ohio, Thomas H. Palmer, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee on brief.

Before PHILLIPS, Chief Judge, and PECK and COMBS, Circuit Judges.

PER CURIAM.

Petitioner-appellant is serving a sentence of 2-to-40 years in the Ohio Penitentiary for shooting with intent to kill, but his petition for writ of habeas corpus does not attack this conviction. Rather, petitioner raises questions as to the constitutionality under the Fourteenth Amendment of certain actions of his parole officer and the Ohio Parole Authority.

Petitioner was paroled in February, 1962, after serving three years and three months of his sentence. He was arrested for parole violation in July, 1962, and declared a parole violator by respondent Parole Authority on August 17, 1962. He was thereupon returned to prison. A hearing was held before the Authority on October 4, 1962, and petitioner was ordered continued in confinement until September 27, 1967. On September 8, 1967, he was ordered by the Authority to be continued in confinement until September, 1972.

Petitioner contends that he was entitled to a judicial hearing on the reason for his parole revocation and that the two five-year continuances were unjust and arbitrary. He further alleges that his arrest pursuant to the request of his parole officer was improper because it was without a warrant and he was not promptly taken before a magistrate. The district judge dismissed the petition for failure to state a denial of a constitutional right. The Parole Authority has moved to affirm the judgment.

A state is not required to provide for parole and, if it does, it may stipulate terms and conditions under which it may be granted or revoked. Moreover, a parolee has no constitutional right to a hearing on the reason for revocation of parole. Rose v. Haskins, 388 F.2d 91, 95 (6th Cir. 1968); Cox v. Maxwell, 366 F.2d 765, 767 (6th Cir. 1966).

It being manifest that the questions presented by the petitioner are so unsubstantial as not to need further argument, the Parole Authority's motion to affirm the judgment is granted under Rule 8 (b), Rules of this Court.