JAMES BROWN, APPELLANT, V. MAURICE H. SIGLER, WARDEN,
NEBRASKA PENAL COMPLEX, APPELLEE.

186 N. W. 2d 735

Filed May 7, 1971. No. 37765.

James Brown pro se.

Clarence A. H. Meyer, Attorney General, and Melvin
K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

James Brown, a parole violator, appeals from the
denial of an application for a writ of habeas corpus.
He premises his right to a writ on three grounds: (1)
Failure of the State to provide him counsel at the parole
revocation hearing; (2) failure to provide compulsory
process; and (3) forfeiture of institutional good time
previously earned.

Petitioner, in impliedly questioning the constitution-

ality of the revocation proceeding, has apparently confused revocation of parole with revocation of probation. They are not the same. Petitioner, after being validly sentenced, was incarcerated. He was later paroled as a matter of legislative grace and not constitutional right. The Legislature saw fit to give the Board of Parole the absolute right to conditionally grant parole, and, as set out later, to revoke it with or without cause. When the parole was revoked petitioner was not given a new sentence but rather was reincarcerated to serve the balance of the sentence previously imposed.

Petitioner's first two assignments of error, his right to appointed counsel and compulsory process, are based on his erroneous assumption that a judicial hearing with its attendant due process is required before the Board of Parole. We do not so construe the statute.

Section 83-1,121, R. S. Supp., 1969, provides: "A committed offender while on parole shall remain in the legal custody and control of the Board of Parole. The board may at any time revoke the parole of an offender or recommit him to the custody of the Division of Corrections, with or without cause."

Petitioner was provided a prompt informal or administrative hearing, which is the most the law contemplates. While he was on parole he was in the legal custody of the Board of Parole and subject at any time for any reason satisfactory to the board and at its sole discretion to be reimprisoned. This has long been the rule in this jurisdiction. See Owen v. Smith, 89 Neb. 596, 131 N. W. 914.

The applicable law is well stated by the United States Court of Appeals for the Sixth Circuit in Hinkle v. Ohio Parole Authority, 419 F. 2d 130: "A state is not required to provide for parole and, if it does, it may stipulate terms and conditions under which it may be granted or revoked. Moreover, a parolee has no constitutional right to a hearing on the reason for revocation of parole. Rose v. Haskins, 388 F. 2d 91, 95 (6th

Cir. 1968); Cox v. Maxwell, 366 F. 2d 765, 767 (6th Cir. 1966)."

Petitioner's first two assignments of error were answered in the negative in Hyser v. Reed, 318 F. 2d 225, United States Court of Appeals, District of Columbia Circuit, in an opinion by Judge, now Chief Justice Burger. While that case involved federal parole revocation proceedings, it is pertinent herein because it holds constitutional due process does not require the board to conduct adversary hearings in the nature of a nonjury trial in order to revoke parole and does not require appointment of counsel for indigent parolees, cross-examination of sources of information, discovery of the board's files, or compulsory process.

Petitioner's third assignment of error does not indicate what good time was taken away or how it may have been earned. Because he was released on parole subsequent to the passage of Legislative Bill 1307 (Laws 1969, c. 817, p. 3071), and refers in a footnote to one of the provisions of section 83-1,107, R. S. Supp., 1969, contained in that act, we assume he refers to that section. It is clearly evident from a reading of the section, however, that the reductions provided for therein are used to determine eligibility for release on parole or supervision, and they are subject to forfeiture.

The judgment is affirmed.

AFFIRMED.