DOUGLAS WYCOFF, APPELLANT, V. JOSEPH C. VITEK,
DIRECTOR OF CORRECTIONS, ET AL., APPELLEES.

266 N. W. 2d 211
Filed May 24, 1978. No. 41577.

T. Clement Gaughan, Lancaster County Public Defender, and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

Plaintiff brought an action for a declaratory judgment. Defendants' motion for summary judgment was sustained and plaintiff appeals. We affirm the judgment of the District Court.

In his petition plaintiff alleged the following: Plaintiff is an inmate in the Nebraska Penal and Correctional Complex. The defendant Vitek is the duly appointed Director of Corrections of the State of Nebraska and the defendant Parratt is the warden of the Nebraska Penal and Correctional Complex. On February 14, 1977, plaintiff was found to be in possession of and concealing a dangerous weapon, a knife. Plaintiff was cited for a violation of the rules and regulations of the Nebraska Penal and Correctional Complex, specifically official memorandum 804.001, page 7, part 3, which provides:

*"Possession or manufacture of any kind of dangerous and/or lethal weapons.*

"PENALTY — (a) Loss of all good time.

(b) Confinement in Adjustment Center.

"DURATION — (a) Good time will be non-re-storable.

(b) Confinement in Adjustment Center of not less than one (1) month nor more than three (3) years.

"REASON — Due to increase and severity of assaults and stabbings in correctional facilities."

On February 28, 1977, a hearing was held before the adjustment committee, which forfeited 1 year and 3 months of plaintiff's good behavior good time and 3 months and 17 days of plaintiff's meritorious good time. The adjustment committee specified that the good time thus forfeited would be nonrestorable.

It is plaintiff's position that the above-quoted regulation, promulgated by the Division of Corrections and the Nebraska Penal and Correctional Complex is contrary to law, specifically section 83-1,107 (2) and section 83-1,107.01 (2), R. R. S. 1943. He contends that it was improper for the adjustment committee to label the good time which he forfeited non-restorable, and seeks to have this forfeited good time declared restorable.

Section 83-1,107 (1), R. R. S. 1943, provides that a committed offender's term shall be reduced at a prescribed rate for good behavior. Section 83-1,107.01 (1), R. R. S. 1943, provides that an offender shall receive further good time at a prescribed rate for the faithful performance of his assigned duties.

Section 83-1,107 (2), R. R. S. 1943, states: "While the offender is in the custody of the Department of Correctional Services, reductions of such terms may be forfeited, withheld and restored by the chief executive officer of the facility, with the approval of the director after the offender has been consulted regarding the charges of misconduct." Section 83-

1,107.01 (2), R. R. S. 1943, reads essentially the same.

These statutes give the chief executive officer discretionary power to provide for the forfeiture or withholding of good time. Good time reductions are subject to forfeiture. Brown v. Sigler, 186 Neb. 800, 186 N. W. 2d 735 (1971). The statutes further permit the chief executive officer, in his discretion, to provide for the restoration of good time which has been forfeited or withheld. Nothing in the statutes compel the chief executive officer to provide for the restoration of all good time which is forfeited or withheld.

The chief executive officer has exercised, in this instance, the discretionary power permitted him under these statutes and has promulgated official memorandum 804.001 to the effect that under certain circumstances good time will be forfeited and will not be restorable. There is no merit to plaintiff's contention.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.