DAVID PIERCY, APPELLANT, v. ROBERT F. PARRATT, WARDEN, NEBRASKA PENAL AND CORRECTIONAL COMPLEX, PAUL L. DOUGLAS, ATTORNEY GENERAL OF THE STATE OF NEBRASKA, THE NEBRASKA BOARD OF PAROLE, APPELLEES.

273 N. W. 2d 689

Filed January 10, 1979.   No. 42093.

T. Clement Gaughan, Lancaster County Public Defender, and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Linda A. Akers, for appellees.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCown, CLINTON, BRODKEY, and WHITE, JJ., and RIST, District Judge.

McCown, J.

This is a habeas corpus proceeding brought by the petitioner against Robert F. Parratt, Warden of the Nebraska Penal and Correctional Complex, the Nebraska Board of Parole, et al.   He alleges that in 1975 the Nebraska Parole Board, by a hold order, prevented him from making bail on a subsequent

criminal charge, and that the board failed to grant him a prompt parole revocation hearing, in violation of his constitutional rights and in violation of statutory requirements. The respondents filed a motion to quash and dismiss. On April 7, 1978, the District Court for Lancaster County found that the petition failed to allege facts upon which habeas corpus relief could be granted and dismissed the petition.

This is the second appearance of this habeas corpus proceeding in this court. The first proceeding was filed April 19, 1976, against the Nebraska Board of Parole, which did not have custody of the petitioner. The warden, who did have custody, was not a party. On October 6, 1976, a motion for evidentiary hearing was denied and the petition was dismissed by the District Court for Lancaster County because it "does not state facts or parties upon which (the) court may enter relief." On March 14, 1977, this court summarily affirmed that order of dismissal. Thereafter the United States District Court declined to intervene, and its decision was affirmed on appeal by the Eighth Circuit Court of Appeals pending disposition of this case. See Piercy v. Parratt, 579 F. 2d 470 (8th Cir., 1978).

The current proceeding was filed in the District Court for Lancaster County on March 14, 1978, against the current respondents. Essentially, Piercy alleges that on April 10, 1975, while on parole from the Nebraska Penal and Correctional Complex, he was arrested and jailed in Douglas County, Nebraska, on charges of attempted burglary and possession of burglary tools. He pleaded not guilty and bail was fixed at $1,000. An attempt to post bail allegedly failed because the board of parole lodged a parole violation hold against Piercy following his arrest. Piercy also alleged that although the parole board held a probable cause hearing, it deferred action on a parole revocation hearing in violation of sections 83-1,119 (3) and 83-1,120, R. R. S. 1943. Those

sections require an immediate investigation and a written report of the reason for the arrest and detention of a parolee, and a hearing on a parole violation charge within 30 days after receipt of the parole officer's written report. Piercy also alleged a violation of the prompt hearing requirements of Morrissey v. Brewer, 408 U. S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484.

On August 11, 1975, Piercy was convicted and sentenced on both of the April 1975 felony counts in the District Court for Douglas County, Nebraska. On August 29, 1975, the board of parole revoked Piercy's prior parole. The period of allegedly illegal detention extended from April 10, 1975, to August 11, 1975, a period of approximately 4 months. This is the period of allegedly illegal detention for which Piercy now seeks habeas corpus relief.

By order of this court the record now establishes the following additional facts. David Piercy was convicted of burglary on March 29, 1971, and sentenced to imprisonment for 5 years, with credit for jail time of 98 days. Piercy escaped custody on October 12, 1972, was subsequently apprehended, and returned to custody on January 23, 1973. On March 26, 1973, Piercy was sentenced to 1 year imprisonment for the escape, to be served consecutively to the burglary sentence of March 29, 1971. On December 19, 1974, Piercy was paroled. On April 10, 1975, Piercy was arrested for attempted burglary and possession of burglary tools in Douglas County, Nebraska, the charges which gave rise to the detention period involved here. On August 11, 1975, Piercy was sentenced to 3 to 5 years imprisonment for attempted burglary and 20 months to 5 years for possession of burglary tools, the two sentences to be concurrent to each other but consecutive to any previous sentences. Jail time of 123 days was ordered credited on the concurrent sentences received on August 11, 1975.

Piercy was again paroled on May 1, 1978. On May 27, 1978, Piercy was arrested and charged with burglary and possession of burglary tools in Council Bluffs, Iowa. A Nebraska Board of Parole warrant for parole violation detainer was issued on June 2, 1978. On August 10, 1978, Piercy was sentenced to the Iowa Division of Adult Corrections for a term of 10 years.

The record establishes that on April 1, 1977, Piercy completed serving his sentences of March 29, 1971, and March 26, 1973, including loss of parole creditable time, good time, dead time for the 1972 escape, and 3 months 8 days jail time on the original sentence of March 29, 1971. At the time of Piercy's parole on May 1, 1978, the time remaining on his Nebraska sentences showed a maximum expiration of sentence to be April 1, 1982, and an earned discharge time, including parole good time, of August 5, 1981.

Piercy received credit for the 4 months detention in 1975 not only on his sentence of August 11, 1975, but apparently on the 1971 sentence as well. The record also establishes that he was still serving the 1975 sentences at the time this proceeding was commenced and that he was not entitled to release.

The availability of habeas corpus in Nebraska is restricted. Section 29-2801, R. R. S. 1943, provides in part: "If any person, except persons convicted of some crime or offense for which they stand committed, or persons committed for treason or felony, * * * now is or shall be confined in any jail of this state, or shall be unlawfully deprived of his or her liberty, * * *" or is imprisoned or detained without any legal authority, a writ of habeas corpus may issue.

We have consistently held that to release a person from a sentence of imprisonment by habeas corpus it must appear that the sentence was absolutely void. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the

court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose, unless the sentence has been fully served and the prisoner is being illegally held. Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124; Gamron v. Parratt, 199 Neb. 163, 256 N. W. 2d 867. Piercy does not challenge any of his sentences, nor does he contend that he was being illegally held at the time this action was instituted.

Under the facts here habeas corpus is not available to Piercy. Although he might have a civil action for damages if his allegations can be proved, it is apparent that damages, if any, would be minimal or nonexistent.

The judgment of the District Court is affirmed.

AFFIRMED.