JOSEPH E. HRBEK, APPELLANT, V. KAREN SHORTRIDGE,
SUPERINTENDENT, DEPARTMENT OF CORRECTIONAL SERVICES,
APPELLEE.

394 N.W.2d 285

Filed October 3, 1986.    No. 86-098.

Joseph E. Hrbek, pro se.

Robert M. Spire, Attorney General, and Sharon M. Lindgren, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Petitioner, Joseph E. Hrbek, appeals from an order of the district court for Douglas County dismissing his petition for a

writ of habeas corpus. We affirm.

On April 1, 1982, Hrbek was sentenced to 2 to 5 years' imprisonment after pleading guilty in the district court for Douglas County. He was released on parole in 1984. On July 1, 1985, the Nebraska Board of Parole revoked Hrbek's parole and revoked 12 months of good time for leaving the state without authorization. Hrbek requested that the parole board reconsider its decision, and he received a letter stating that "[u]nless new evidence or testimony is received to refute their [parole officers'] testimony, we will stand by our July 1, 1985 decision to revoke your Parole and Review you again in January 1986."

On August 12, 1985, Hrbek's attorney submitted affidavits from two witnesses on the question of whether Hrbek did leave the state, and requested the board to reconsider its decision. The parole board sent a letter back stating that the board had held an executive session to discuss the contents of the letter of August 12 and decided to review Hrbek in January 1986 as previously scheduled.

On December 19, 1985, Hrbek filed a petition for a writ of habeas corpus, contending that the parole board's refusal to conduct a rehearing constituted a denial of his constitutional right of due process. The district court found that neither constitutional right, nor statutory requirement, nor due process mandated further consideration by the board, and dismissed Hrbek's petition. Hrbek appeals.

The assignments of error are (1) that the Board of Parole violated due process by refusing Hrbek the right to present his evidence on rehearing, (2) that the district court erred in dismissing Hrbek's petition for a writ of habeas corpus, and (3) that Neb. Rev. Stat. § 83-1,121 (Reissue 1981), which provides for revocation of parole with or without cause, is unconstitutional.

The procedural due process requirements for parole revocation are set forth in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed.2d 484 (1972). They are: (1) written notice of the claimed violations of parole; (2) disclosure to the parolee of evidence against him; (3) opportunity to be heard in

person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact finders as to the evidence relied on and reasons to revoke parole. See, also, *Riker v. Vitek*, 203 Neb. 719, 279 N.W.2d 876 (1979).

Petitioner does not contend that the parole board failed to comply with the requirements of *Morrissey*. He was provided with a prompt informal or administrative hearing, which is the most the law contemplates. *Brown v. Sigler*, 186 Neb. 800, 186 N.W.2d 735 (1971). Hrbek presented witnesses and evidence at the revocation hearing. The district court found that there is no due process requirement that the board conduct more than one hearing or that it consider evidence submitted after the hearing. In this regard it was correct. The board had no general duty to reconsider its decision, nor did it impose upon itself such a duty.

Additionally, the record discloses that the board did review the contents of the letter sent by Hrbek's attorney, with the affidavits of the alleged witnesses attached, which evidence was simply cumulative. The board chose to stand by its initial decision. There was no violation of due process, and Hrbek's first assignment of error is without merit.

Petitioner's second assignment of error is also groundless. In the first place, we have previously held that a proceeding in error, not habeas corpus, is the sole avenue for obtaining a review of a prison disciplinary action. *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985). The availability of habeas corpus in Nebraska is restricted. We have consistently held that to release a person from a sentence of imprisonment by habeas corpus it must appear that the sentence was absolutely void. *Piercy v. Parratt*, 202 Neb. 102, 273 N.W.2d 689 (1979).

This court has numerous times held that in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the

judgment, sentence, and commitment are void. *Pruitt v. Parratt*, 197 Neb. 854, 251 N.W.2d 179 (1977). See, also, *Riker v. Vitek, supra.* Because it appears that Hrbek did receive all of his required due process and is not therefore being illegally or unlawfully detained, his petition for a writ of habeas corpus was properly dismissed.

Petitioner raises the issue of constitutionality of § 83-1,121 for the first time in this court. In order for that question to be considered by this court, that issue must have been raised properly in the trial court. *State v. Hiross*, 211 Neb. 319, 318 N.W.2d 291 (1982).

The order of the district court dismissing Hrbek's petition for a writ of habeas corpus is correct and is affirmed.

AFFIRMED.