Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/23/2021 08:10 AM CDT

Gregory Tyrrell, appellant, v. Scott Frakes,
director, Department of Correctional Services,
and Rosalyn Cotton, chair, Nebraska
Board of Parole, appellees.

___ N.W.2d ___

Filed April 29, 2021.    No. S-20-425.

1. **Appeal and Error.** Appellate courts do not generally consider arguments and theories raised for the first time on appeal.
2. **Jurisdiction.** The question of jurisdiction is a question of law.
3. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court.
4. **Habeas Corpus: Appeal and Error.** On appeal of a habeas petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo.
5. **Habeas Corpus: Final Orders.** An order denying habeas corpus relief qualifies as a final order.
6. **Habeas Corpus: Final Orders: Proof: Appeal and Error.** The test of finality for the purpose of an appeal in a habeas corpus proceeding is not necessarily whether the whole matter involved in the action is concluded, but whether the particular proceeding or action is terminated by the judgment.
7. **Final Orders: Appeal and Error.** To be appealable, an order must satisfy the final order requirements of Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020) and, additionally, where implicated, Neb. Rev. Stat. § 25-1315(1) (Reissue 2016).
8. **Habeas Corpus.** Where a habeas corpus proceeding and a petition in error proceeding are filed in a single case, Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) applies.
9. **Jurisdiction: Appeal and Error.** If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.

10. **Habeas Corpus.** A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty.

11. **Habeas Corpus: Collateral Attack.** An action for habeas corpus is a collateral attack on a judgment of conviction.

12. **Judgments: Collateral Attack.** A collateral attack on a judgment is where the judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement.

13. **Habeas Corpus: Prisoners.** In the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.

14. **Habeas Corpus: Judgments: Sentences.** The writ of habeas corpus will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable.

15. **Judgments: Collateral Attack.** A judgment that is not void, even if erroneous, cannot be collaterally attacked.

16. **Constitutional Law: Habeas Corpus.** Habeas corpus is not a proper remedy to challenge a petitioner's detention pursuant to a final conviction and sentence on the basis that the statute underlying the conviction is unconstitutional.

17. **Habeas Corpus: Appeal and Error.** Habeas corpus is a collateral proceeding and as such cannot be used as a substitute for an appeal or proceedings in error.

18. **Constitutional Law: Habeas Corpus: Probation and Parole: Appeal and Error.** Habeas corpus is not a proper remedy to challenge the constitutionality of a parole condition after a parolee fails to challenge the condition in a revocation proceeding based upon a violation of the condition or in an appeal or proceeding in error from the revocation proceeding.

Appeal from the District Court for Lancaster County: Jodi L. Nelson, Judge. Affirmed.

Gregory Tyrrell, pro se.

Douglas J. Peterson, Attorney General, and James A. Campbell, Solicitor General, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Cassel, J.

## INTRODUCTION

More than 5 months after a parole revocation, Gregory Tyrrell filed a district court proceeding asserting both a petition in error and an application for writ of habeas corpus. That court quashed the habeas claim and, months later, dismissed the error proceeding. Only then did Tyrrell appeal. We granted bypass to address two issues. First, was the appeal timely? It was, because of the combined effect of the statutes governing habeas appeals[1] and finality of multiple claims.[2] Second, after failing to challenge a parole condition's constitutionality during the revocation hearing or in a timely error proceeding, can habeas be used to do so? Because habeas can be used only to collaterally attack a void criminal judgment, sentence, and commitment, and cannot be used as a substitute for an appeal or proceedings in error, habeas was not available. We affirm.

## BACKGROUND

### Parole Placement

The Nebraska Board of Parole (Board) placed Tyrrell on parole from his sentences for burglary and first degree sexual assault. The Board conditioned Tyrrell's parole upon his (1) nonuse of online social media and (2) paying a monthly programming fee to the Nebraska Department of Correctional Services. At the time of parole, Tyrrell agreed in writing to the special conditions for parole of sex offenders.

### Parole Revocation

A woman who met Tyrrell through an online dating website reported to Tyrrell's parole officer that Tyrrell had violated the social media parole condition. When questioned by his parole officer, Tyrrell admitted the violation.

---

[1] See Neb. Rev. Stat. § 29-2823 (Reissue 2016).

[2] See Neb. Rev. Stat. § 25-1315(1) (Reissue 2016).

The Office of Parole Administration filed a petition for review of parole hearing. At the parole review hearing, Tyrrell pled guilty to violating the online social media condition and was also found guilty of not paying his monthly programming fees. The Board revoked his parole.

Tyrrell did not file any challenge to the parole revocation for over 5 months. The Board entered the revocation order on December 4, 2018. This case began on May 20, 2019.

### District Court Proceedings

Tyrrell, assisted by counsel, began the case by filing a petition for declaratory judgment—asserting various claims, including a violation of 42 U.S.C. § 1983 (2018). The caption of the complaint named Scott Frakes, director of the Nebraska Department of Correctional Services, and Rosalyn Cotton, the Board's chair, as defendants. Although the Board was not named in the caption, the body of the complaint made allegations against it.

The Board, Frakes, and Cotton filed a motion to dismiss, asserting that the court lacked subject matter jurisdiction and that the complaint failed to state a claim. However, Tyrrell did not wait for a ruling on their motion. Instead, he sought leave and amended his complaint.

The new pleading, filed on November 8, 2019, and styled as a "Petition in Error & Application for a Writ of Habeas Corpus," asserted both types of proceedings in the same action. Obviously, both claims were filed more than 30 days after the Board's order revoking Tyrrell's parole. The pleading named Frakes and Cotton, in their official capacities, as defendants. Although once again the pleading's caption did not name the Board (except for Cotton, its chair) as a defendant, the portion of the body of the pleading asserting a petition in error alleged error in the Board's action revoking Tyrrell's parole. Apparently to dispel that uncertainty, the district court's order entered on November 14, which granted Tyrrell leave to file his amended "petition" and gave counsel for Frakes and Cotton 21 days to show cause why a writ of

habeas corpus should not issue, also noted that the court had met with counsel for the respective parties on November 8 and that the "parties agree[d] that the . . . Board . . . should be, and hereby is, dropped from this case as a party."

In response to the amended pleading, Frakes and Cotton filed a motion to quash the "petition" for writ of habeas corpus. On January 13, 2020, the district court granted the motion to quash, ruling that parole revocation decisions are beyond "the limits of habeas relief under Nebraska law." Tyrrell did not file a notice of appeal within 30 days of that order.

On February 4, 2020, the court issued an order directing Tyrrell to show cause why the petition in error should not be dismissed. Shortly afterward, Tyrrell elected to represent himself and his attorney withdrew. Tyrrell filed a response advising the court that he wished to file additional motions. A few days later, Tyrrell filed a motion to reconsider his habeas corpus petition and a motion to amend it. The court overruled both motions on May 18. In that order, the court gave Tyrrell 30 days to show cause why the petition in error should not be dismissed for lack of jurisdiction, based upon Tyrrell's failure to timely file the petition in error. Tyrrell filed a timely response maintaining that habeas corpus was the proper remedy and conceding that he was "unable to show cause why this matter should not be dismissed."

The next day, on May 29, 2020, the court dismissed the petition in error for lack of jurisdiction.

## APPEAL

Tyrrell filed a pro se notice of appeal on June 5, 2020. We granted Tyrrell's petition to bypass the Nebraska Court of Appeals.[3]

While the petition to bypass was pending, Frakes and Cotton filed a motion for summary dismissal,[4] asserting that

---

[3] See Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2020).

[4] See Neb. Ct. R. App. P. § 2-107(B) (rev. 2017).

the appeal was filed more than 30 days after the district court sustained their motion to quash the application for writ of habeas corpus. We overruled the motion, but reserved the jurisdictional issue for consideration upon plenary submission of the appeal. The appeal was submitted upon completion of oral arguments,[5] which, due to the ongoing coronavirus pandemic, were conducted solely by electronic means.

## ASSIGNMENTS OF ERROR

Tyrrell assigns 14 errors, which can be divided into two categories—habeas corpus assignments and petition in error assignments.

Regarding the habeas proceeding, Tyrrell assigns the district court erred in (1) failing to determine sua sponte to issue the writ of habeas corpus, (2) failing to issue a writ of habeas corpus, (3) sustaining the appellees' motion to quash, (4) overruling his motion for reconsideration, and (5) overruling his motion to amend.

[1] Tyrrell assigns nine instances of "plain error" to the Board, including two matters that were not presented to the district court. Appellate courts do not generally consider arguments and theories raised for the first time on appeal.[6] But more important, Tyrrell does not assign that the court erred in dismissing his petition in error for being untimely.

## STANDARD OF REVIEW

[2,3] The question of jurisdiction is a question of law.[7] When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court.[8]

---

[5] See Neb. Ct. R. App. P. § 2-111 (rev. 2017).

[6] *Maria T. v. Jeremy S.*, 300 Neb. 563, 915 N.W.2d 441 (2018).

[7] *TDP Phase One v. The Club at the Yard*, 307 Neb. 795, 950 N.W.2d 640 (2020).

[8] *In re Estate of Marsh*, 307 Neb. 893, 951 N.W.2d 486 (2020).

[4] On appeal of a habeas petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo.[9]

## ANALYSIS

### JURISDICTION

Tyrrell does not challenge the district court's dismissal of his petition in error for lack of jurisdiction. At oral argument, the State conceded that a petition in error can be used to challenge a parole revocation.[10] Assuming without deciding that the State is correct, an error proceeding must be filed within 30 days of the final order.[11] Here, it was not. Tyrrell conceded as much in his response to the district court's show cause order. But different principles apply to the appeal regarding Tyrrell's application for a writ of habeas corpus.

[5,6] In Frakes and Cotton's brief, they contested our jurisdiction of the district court's disposition of Tyrrell's application for writ of habeas corpus—arguing that he should have appealed within 30 days of the court's January 2020 order rather than waiting until after its May 2020 dismissal order. That argument relied upon our decision in *Anderson v. Houston*.[12] Therein, we said that "an order denying habeas corpus relief qualifies as a final order"[13] and that "[t]he test of finality for the purpose of an appeal in a habeas corpus proceeding is not necessarily whether the whole matter involved in the action is concluded, but whether the particular proceeding or action is terminated by the judgment."[14] We agree with these principles.

---

[9] *Evans v. Frakes*, 293 Neb. 253, 876 N.W.2d 626 (2016).

[10] See *Ditter v. Nebraska Bd. of Parole*, 11 Neb. App. 473, 655 N.W.2d 43 (2002). See, also, *Hrbek v. Shortridge*, 223 Neb. 785, 394 N.W.2d 285 (1986).

[11] See Neb. Rev. Stat. § 25-1931 (Reissue 2016).

[12] *Anderson v. Houston*, 274 Neb. 916, 744 N.W.2d 410 (2008).

[13] *Id*. at 934, 744 N.W.2d at 424.

[14] *Id.* (internal quotation marks omitted).

[7] But as Tyrrell pointed out and the State effectively conceded at oral argument, our *Anderson* decision did not involve a habeas proceeding asserted in the same action as another claim and, thus, § 25-1315(1) had no potential application in that case. We have said that to be appealable, an order must satisfy the final order requirements of Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020) and, additionally, where implicated, § 25-1315(1).[15] Here, the habeas claim was asserted in the same proceeding as a petition in error. Our jurisdiction turns upon whether that statute was implicated here.

Recently, we held that "when [a forcible entry and detainer] claim is part of an action involving multiple claims or multiple parties, § 25-1315 governs the immediate appealability of an order determining the [forcible entry and detainer] claim."[16] We did so based upon the language of a forcible entry and detainer statute which states, "Any party against whom judgment has been entered . . . may appeal as provided for in a civil action."[17] We reasoned that the plain language of the statute directed that parties in such cases may appeal only "as provided for in a civil action" and that § 25-1315 governs civil actions.

[8] The same reasoning applies here. Our statute states that habeas corpus proceedings "may be reviewed as provided by law for appeal in civil cases."[18] Thus, where a habeas corpus proceeding and a petition in error proceeding are filed in a single case, § 25-1315(1) applies. Pursuant to that section, the order disposing of the habeas claim did not become appealable until the disposition of the petition in error. Tyrrell's

---

[15] *Rafert v. Meyer*, 298 Neb. 461, 905 N.W.2d 30 (2017); *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, 889 N.W.2d 825 (2017).

[16] *TDP Phase One v. The Club at the Yard, supra* note 7, 307 Neb. at 803, 950 N.W.2d at 647.

[17] Neb. Rev. Stat. § 25-21,233 (Reissue 2016).

[18] § 29-2823.

appeal was filed within 30 days after that occurred. Therefore, it was timely and we have jurisdiction of this appeal.

The joining of a petition in error delayed disposition of the application for writ of habeas corpus, which is a "'special civil proceeding providing a summary remedy.'"[19] To avoid such delay, we discourage the practice of joining such applications with other civil proceedings or actions.

## Petition in Error

[9] We lack jurisdiction to consider Tyrrell's assignments of error regarding his petition in error. He conceded that the district court lacked jurisdiction of the error proceeding. If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.[20] Because the district court correctly determined that it lacked jurisdiction of the petition in error and we consequently lack jurisdiction of the assignments of error addressing it, we affirm the district court's dismissal of the error proceeding.

## Habeas Corpus

Tyrrell's other assignments of error address his application for a writ of habeas corpus. Tyrrell argues that he is entitled to the writ and that the district court erred in failing to issue the writ, sustaining Frakes and Cotton's motion to quash, and overruling his motion for reconsideration and motion to amend.

[10-12] A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty.[21] In Nebraska, habeas corpus is quite limited in comparison to the scope of the writ in federal courts.[22] Under Nebraska law, an action for habeas corpus

---

[19] See *Johnson v. Gage*, 290 Neb. 136, 139, 858 N.W.2d 837, 840 (2015).

[20] *In re Estate of Marsh, supra* note 8.

[21] *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016).

[22] *Id.*

is a collateral attack on a judgment of conviction.[23] A collateral attack on a judgment is where the judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement.[24]

[13-15] In the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.[25] The writ will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable.[26] A judgment that is not void, even if erroneous, cannot be collaterally attacked.[27]

Tyrrell disagrees with our case law, preferring instead to cite *Arias v. Casmer*[28] as support for the proposition that a void judgment is not a prerequisite to habeas relief. While we are not bound by the unpublished federal district court opinion, *Arias* actually undermines Tyrrell's position.[29] The *Arias* court noted that this court has "'consistently held that to release a person from a sentence of imprisonment by habeas corpus it must appear that the sentence was absolutely void.'"[30] Later in the opinion, the *Arias* court quoted from one of our decisions paraphrasing our habeas statute as applying to persons "'detained without having been convicted of a crime and committed for the same, those who are unlawfully

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Arias v. Casmer*, No. 4:06CV3208, 2008 WL 413288 (D. Neb. Feb. 12, 2008).

[29] See *id.*

[30] See *id.* at *2 (quoting *Piercy v. Parratt*, 202 Neb. 102, 273 N.W.2d 689 (1979)).

deprived of their liberty, or those who are detained without legal authority.'"[31] Tyrrell relies upon the phrase "unlawfully deprived of their liberty" to argue that he is entitled to habeas corpus relief.[32] However, our habeas statute "explicitly excludes from its scope 'persons convicted of some crime or offense for which they stand committed.'"[33] Tyrrell does not contest that he stands committed for a criminal conviction. Thus, in the circumstances before us, the phrase Tyrrell quotes simply does not apply to him.

Tyrrell cites many cases in which habeas petitions were denied, but argues "at no time did the Court ever rule that habeas was the incorrect remedy."[34] None of these cases considered whether habeas corpus was the proper avenue for relief.[35] When a jurisdictional defect is neither noted nor discussed in an opinion, it does not stand for the proposition that no defect existed.[36] Therefore, Tyrrell's cited cases do not support his argument.

Finally, despite having agreed to the social media parole condition and having admitted violating it, Tyrrell now asserts that it was unconstitutional. He relies on *Packingham v. North Carolina*,[37] where the U.S. Supreme Court held that a state

---

[31] See *id.* at *2 (emphasis omitted) (quoting *Glantz v. Hopkins*, 261 Neb. 495, 624 N.W.2d 9 (2001)).

[32] See *id.*

[33] *Sanders v. Frakes, supra* note 21, 295 Neb. at 379, 888 N.W.2d at 520 (quoting Neb. Rev. Stat. § 29-2801 (Reissue 2020)).

[34] See brief for appellant at 29 (citing *Hrbek v. Shortridge, supra* note 10; *Riker v. Vitek*, 203 Neb. 719, 279 N.W.2d 876 (1979); and *Piercy v. Parratt, supra* note 30).

[35] See, *Hrbek v. Shortridge, supra* note 10; *Riker v. Vitek, supra* note 34; *Piercy v. Parrott, supra* note 30.

[36] See *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 131 S. Ct. 1436, 179 L. Ed. 2d 523 (2011).

[37] *Packingham v. North Carolina*, ___ U.S. ___, 137 S. Ct. 1730, 198 L. Ed. 2d 273 (2017).

statute making it a felony for a registered sex offender to gain access to a number of websites, including commonplace social media websites, constituted a violation of the 1st Amendment's Free Speech Clause, applicable to the states under the Due Process Clause of the 14th Amendment. But the Court did not address the validity of a condition of parole. There, the defendant, on direct appeal from his conviction for a violation of the statute, challenged the statute's constitutionality. Nowhere did the *Packingham* Court suggest that the claim could have been raised by a collateral attack on the conviction, had it become a final judgment.

[16] In *Sanders v. Frakes*, we held that habeas corpus is not a proper remedy to challenge a petitioner's detention pursuant to a final conviction and sentence on the basis that the statute underlying the conviction is unconstitutional.[38] In doing so, we noted that the rule prohibiting collateral attacks on final judgments based upon an unconstitutional statute applies when the judgment attacked is a criminal conviction and sentence.

Tyrrell's challenge is even further removed than the one raised in *Sanders*. He did not attempt to show that the judgment, sentence, and commitment were void. He is not claiming that the statute under which he was convicted and sentenced was unconstitutional. He does not assert that he has completed serving the sentence. He does not contest that the Board was required by statute to "[f]ix the conditions of parole,"[39] that as "[a] committed offender while on parole" he "remain[ed] in the legal custody and control of the Board,"[40] or that the Board was empowered "at any time [to] revoke the parole . . . with or without cause."[41] He asserts only that the parole condition he expressly accepted and admittedly violated was unconstitutional.

---

[38] *Sanders v. Frakes, supra* note 21.

[39] See Neb. Rev. Stat. § 83-192 (Cum. Supp. 2020).

[40] See Neb. Rev. Stat. § 83-1,121 (Cum. Supp. 2020).

[41] See *id.*

[17,18] Moreover, he did not attack the condition's constitutionality during the revocation proceeding or by a timely proceeding in error. It has long been the rule in this jurisdiction that habeas corpus is a collateral proceeding and as such cannot be used as a substitute for an appeal or proceedings in error.[42] We hold that habeas corpus is not a proper remedy to challenge the constitutionality of a parole condition after a parolee fails to challenge the condition in a revocation proceeding based upon a violation of the condition or in an appeal or proceeding in error from the revocation proceeding.[43]

## CONCLUSION

Tyrrell timely invoked the jurisdiction of this court. But because Tyrrell's petition in error was not timely filed in the district court, that court lacked jurisdiction of that portion of the proceeding. Because the district court lacked jurisdiction of the error proceeding, we lack jurisdiction of the portion of the appeal premised on the petition in error. We have jurisdiction of the portion of the appeal based upon Tyrrell's application for a writ of habeas corpus.

Because habeas corpus is a collateral proceeding and cannot be used as a substitute for an appeal or proceeding in error, the district court did not err in quashing Tyrrell's application for a writ of habeas corpus. We affirm.

Affirmed.

Freudenberg, J., not participating.

---

[42] *Mayfield v. Hartmann*, 221 Neb. 122, 375 N.W.2d 146 (1985). See, also, *Meyer v. Frakes*, 294 Neb. 668, 884 N.W.2d 131 (2016).

[43] See *Sanders v. Frakes, supra* note 21.