Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:04 AM CST

Moses Childs, appellant and
cross-appellee, v. Scott Frakes,
appellee and cross-appellant.

___ N.W.2d ___

Filed November 18, 2022.    No. S-21-878.

1. **Habeas Corpus: Appeal and Error.** On appeal of a habeas corpus peti-
   tion, an appellate court reviews the trial court's factual findings for clear
   error and its conclusions of law de novo.
2. **Statutes: Appeal and Error.** The meaning and interpretation of statutes
   are questions of law for which an appellate court has an obligation to
   reach an independent conclusion irrespective of the decision made by
   the court below.
3. **Limitations of Actions: Dismissal and Nonsuit.** Neb. Rev. Stat.
   § 25-217 (Cum. Supp. 2020) is self-executing, so that an action is dis-
   missed by operation of law, without any action by either the defendant
   or the court, as to any defendant who is named in the civil action and
   not served with process within the time set forth in the statute.
4. **Limitations of Actions: Dismissal and Nonsuit: Jurisdiction.** After
   dismissal of a civil action by operation of law under Neb. Rev. Stat.
   § 25-217 (Cum. Supp. 2020), there is no longer an action pending and
   the district court has no jurisdiction to make any further orders except
   to formalize the dismissal.
5. **Habeas Corpus: Courts.** Habeas corpus proceedings are not like ordi-
   nary civil actions, and courts should follow the traditional procedure
   illustrated by the habeas corpus statutes rather than make up their own
   procedure.
6. **Habeas Corpus.** The writ of habeas corpus derives from common law
   and is a special civil proceeding providing a summary remedy to per-
   sons illegally detained.
7. **Constitutional Law: Habeas Corpus.** The Nebraska Constitution pro-
   vides for the remedy of habeas corpus, while the procedure for the writ
   is governed by statute.

8. **Habeas Corpus.** Habeas corpus proceedings are not adversarial civil actions and are not in a technical sense a suit between the applicant and the respondent officer.

9. **Habeas Corpus: Rules of the Supreme Court: Pleadings.** The pleading rules governing civil actions have no application to habeas corpus proceedings.

10. **Habeas Corpus.** The statutory service provisions governing civil actions have no application in habeas corpus proceedings.

11. **Appeal and Error.** A proper result will not be reversed merely because it was reached for the wrong reason.

12. **Habeas Corpus.** A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty.

13. ____. In Nebraska, habeas corpus is quite limited in comparison to the scope of the writ in federal courts.

14. **Criminal Law: Habeas Corpus.** Eligibility for a writ of habeas corpus is governed by the criteria set forth in Neb. Rev. Stat. § 29-2801 (Cum. Supp. 2020), which explicitly excludes from the scope of habeas corpus persons convicted of some crime or offense for which they stand committed.

15. **Habeas Corpus: Prisoners.** Under Nebraska law, in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.

16. **Habeas Corpus: Judgments: Sentences.** The writ of habeas corpus will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable.

17. **Judgments: Collateral Attack.** A judgment that is not void, even if erroneous, cannot be collaterally attacked.

18. **Habeas Corpus: Jurisdiction: Sentences.** A writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose.

19. **Habeas Corpus.** A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose.

20. **Habeas Corpus: Sentences.** The regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for writ of habeas corpus, for that matter is available only in a direct proceeding.

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Affirmed.

Moses Childs, pro se.

Douglas J. Peterson, Attorney General, and James A. Campbell, Solicitor General, for appellee.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

In this appeal, we consider whether the service and automatic dismissal provisions of Neb. Rev. Stat. § 25-217 (Cum. Supp. 2020) apply to habeas corpus proceedings. We hold that § 25-217 has no application to habeas corpus proceedings, and consequently, the district court erred when it dismissed a petition for writ of habeas corpus pursuant to that statute. However, because our de novo review shows the petition did not state a cognizable claim for habeas relief, we affirm the judgment of dismissal, albeit on a different ground.

BACKGROUND

In 2017, the State filed an information against Moses Childs in the district court for Lancaster County, Nebraska, charging him with one count of first degree sexual assault. Childs eventually pled no contest to a reduced charge of attempted first degree sexual assault and was sentenced to a term of imprisonment. Childs' conviction and sentence were affirmed on direct appeal.[1]

On March 24, 2021, Childs filed a petition for writ of habeas corpus in the district court for Douglas County, Nebraska. His pro se petition alleged he was being confined in Douglas

---

[1] *State v. Childs*, No. A-18-1208, 2019 WL 6873068 (Neb. App. Dec. 17, 2019) (selected for posting to court website).

County pursuant to a conviction and sentence that was void because (1) he had been denied trial counsel of his choice; (2) his plea was not entered knowingly, voluntarily, and intelligently; (3) the prosecutor lacked "legal standing" to invoke the court's jurisdiction; and (4) his right to remain silent was violated when the sentencing court required him to participate in a presentence investigation.

The record on appeal shows no activity in the habeas proceeding from the date of its filing until September 23, 2021, when the district court entered an order stating: "Pursuant to Nebraska Revised Statute 25-217, this action stands dismissed without prejudice." Childs timely appealed from the order of dismissal, and we moved the appeal to our docket to address an issue of first impression: whether the provisions of § 25-217 apply to habeas corpus proceedings.

## ASSIGNMENTS OF ERROR

Childs assigns, restated, that the district court erred in dismissing his petition for writ of habeas corpus because (1) the requirements of § 25-217 do not apply in habeas proceedings and (2) the allegations of the habeas petition entitled him to an evidentiary hearing.

The State has cross-appealed, assigning the district court erred by failing to dismiss Childs' habeas petition on the ground its allegations did not entitle him to habeas relief.

## STANDARD OF REVIEW

[1] On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo.[2]

[2] The meaning and interpretation of statutes are questions of law for which an appellate court has an obligation to reach

---

[2] *Buggs v. Frakes*, 298 Neb. 432, 904 N.W.2d 664 (2017).

an independent conclusion irrespective of the decision made by the court below.[3]

## ANALYSIS

In their appellate briefing, both Childs and the State take the position that the service and automatic dismissal provisions of § 25-217 do not apply to habeas corpus proceedings. We agree.

Section 25-217 addresses the statutory timeline for perfecting service on defendants in civil actions, and it provides in relevant part:

(1) An action is commenced on the day the complaint is filed with the court.

(2) Each defendant in the action must be properly served within one hundred eighty days of the commencement of the action. . . .

(3) If any defendant is not properly served within the time specified by subsection (2) of this section then the action against that defendant is dismissed by operation of law. The dismissal is without prejudice and becomes effective on the day after the time for service expires.

[3,4] We have often explained that "§ 25-217 is self-executing, so that an action is dismissed by operation of law, without any action by either the defendant or the court, as to any defendant who is named in the [civil] action and not served with process within the time set forth in the statute."[4] After dismissal of a civil action by operation of law under § 25-217, there is no longer an action pending and the district

---

[3] *In re App. No. P-12.32 of Black Hills Neb. Gas*, 311 Neb. 813, 976 N.W.2d 152 (2022).

[4] E.g., *Carrizales v. Creighton St. Joseph, ante* p. 296, 304, 979 N.W.2d 81, 89 (2022); *Davis v. Choctaw Constr.*, 280 Neb. 714, 789 N.W.2d 698 (2010).

court has no jurisdiction to make any further orders except to formalize the dismissal.[5]

## § 25-217 Does Not Apply
### to Habeas Corpus

[5] To the extent the district court here concluded that § 25-217 applies in habeas corpus proceedings, it erred. We have cautioned trial courts that habeas corpus proceedings are not like ordinary civil actions, and courts should "follow the traditional procedure illustrated by the habeas corpus statutes rather than make up their own procedure."[6]

[6,7] The writ of habeas corpus derives from common law, and we have described it as "a special civil proceeding providing a summary remedy to persons illegally detained."[7] The Nebraska Constitution provides for the remedy of habeas corpus,[8] while the procedure for the writ is governed by statute.[9]

The statutory procedure for habeas corpus proceedings is set out in Neb. Rev. Stat. §§ 29-2801 through 29-2824 (Reissue 2016 & Cum. Supp. 2020). Under those procedures, the first step is for the petitioner or relator, or someone on his or her behalf, to "make application" to the court.[10] Accompanying the application should be "a copy of the commitment or

---

[5] See *id.*

[6] *Maria T. v. Jeremy S.*, 300 Neb. 563, 573, 915 N.W.2d 441, 450 (2018).

[7] *Id.* at 570, 915 N.W.2d at 448. Accord, *In re Application of Tail, Tail v. Olson*, 144 Neb. 820, 822, 14 N.W.2d 840, 841 (1944) ("[h]abeas corpus . . . is a special proceeding, civil in character[,] providing a summary remedy open to persons illegally detained").

[8] Neb. Const. art. I, § 8 ("[t]he privilege of the writ of habeas corpus shall not be suspended").

[9] *Maria T., supra* note 6.

[10] § 29-2801.

cause of detention of such person"[11] or, if the person claims to be imprisoned or detained without any legal authority, the application must "mak[e] the same appear to such judge, by oath or affirmation."[12] It has long been the rule that a petition for writ of habeas corpus should be filed in the county where the petitioner or relator is confined, and although our older opinions characterized this as a jurisdictional issue, our more recent opinions clarify that the issue implicates venue, not jurisdiction.[13]

Once an application for writ of habeas corpus is filed, the next procedural step requires the court to determine, sua sponte and based on the allegations of the application, if the writ should issue.[14] If the application or petition for writ of habeas corpus sets forth facts which, if true, would entitle the petitioner to discharge, then the writ is a matter of right and the petitioner should be produced and a hearing held thereon to determine the question of fact presented.[15] But if the application or petition alleges mere conclusions of law, or if the facts alleged in the application or petition do not show the petitioner is entitled to the relief of habeas corpus, "then the writ will be denied for it would be useless to go through the procedure of granting the writ and having the party brought before the court merely to be remanded back to the custody out of which he [or she] seeks to be discharged."[16]

---

[11] *Id.* See, also, *Gallion v. Zinn*, 236 Neb. 98, 459 N.W.2d 214 (1990) (holding when petition fails to present statutorily required copy of commitment and detention order, habeas relief may be denied).

[12] § 29-2801.

[13] See, *O'Neal v. State*, 290 Neb. 943, 863 N.W.2d 162 (2015); *Anderson v. Houston*, 274 Neb. 916, 744 N.W.2d 410 (2008).

[14] See *Maria T., supra* note 6.

[15] See, *id.*; *Evans v. Frakes*, 293 Neb. 253, 876 N.W.2d 626 (2016); *In re Application of Tail, Tail v. Olson*, 145 Neb. 268, 16 N.W.2d 161 (1944).

[16] *In re Application of Tail, Tail v. Olson, supra* note 15, 145 Neb. at 272, 16 N.W.2d at 164.

When a writ of habeas corpus is issued, service is governed by § 29-2816, which states simply that "[s]uch writ may be served in any county by any sheriff of the same or of any other county."

When a court issues a writ of habeas corpus, it then becomes "the duty of the officer or person to whom such writ shall be directed to convey the person or persons so imprisoned or detained and named in such writ, before the judge . . . on the day specified in such writ, and to make due return of the writ."[17] Once a writ is issued, it must be obeyed, or resistance thereto made in the regular manner.[18] In every case in which a writ has been issued, the person to whom it is directed must sign and file a "return"[19] that plainly and unequivocally states whether he or she has the petitioner or relator under his or her "custody or power or under restraint"[20] and, if so, sets forth the authority for such custody, power, or restraint.[21] The habeas statutes do not describe by what means, if any, the respondent may challenge the sufficiency of the application or petition for writ of habeas corpus, but this court has said that before filing a response to the writ, the respondent "may challenge the sufficiency of the statements in the application of the relator by filing a motion to quash or to 'dissolve' the writ."[22] We have recognized that this procedure is "consistent with traditional common-law habeas corpus procedure."[23]

[8-10] As the foregoing discussion illustrates, the statutory and traditional common-law procedures governing habeas

---

[17] § 29-2802. See, also, §§ 29-2816 through 29-2819 (governing contents and verification of return).

[18] See *Maria T., supra* note 6.

[19] See §§ 29-2817 and 29-2818.

[20] § 29-2817.

[21] See *id.* See, also, *Maria T., supra* note 6.

[22] *Maria T., supra* note 6, 300 Neb. at 572, 915 N.W.2d at 449.

[23] *Id.*

corpus proceedings in Nebraska have very little in common with the statutory procedure governing civil actions.[24] Habeas corpus proceedings are not adversarial civil actions and "are not in a technical sense a suit between the applicant and the [respondent] officer."[25] We have been clear that the pleading rules governing civil actions have no application to habeas corpus proceedings,[26] and we now similarly hold that the statutory service provisions governing civil actions have no application in habeas corpus proceedings. Simply put, under the habeas corpus procedure, the court issues the writ where appropriate and there is no requirement that the petitioner must perfect service on anyone.[27] The district court thus erred as a matter of law when it applied the service and automatic dismissal provisions of § 25-217 to Childs' petition for writ of habeas corpus. Moreover, the erroneous application of § 25-217 resulted in an unnecessary delay of the court's duty to sua sponte review the petition.

[11] But our analysis does not end there, because a proper result will not be reversed merely because it was reached for the wrong reason.[28] We find merit in the State's cross-appeal.

### Petition Does Not Support
### Habeas Corpus Relief

Although the district court erred in relying on § 25-217 to dismiss Childs' habeas petition, our de novo review shows that

---

[24] Accord *id.* (holding habeas corpus proceedings are not governed by Nebraska Court Rules of Pleading in Civil Cases).

[25] *In re Application of Tail, Tail v. Olson, supra* note 7, 144 Neb. at 822, 14 N.W.2d at 841.

[26] See *Maria T., supra* note 6.

[27] See *In re Application of Tail, Tail v. Olson, supra* note 7, 144 Neb. at 823, 14 N.W.2d at 842 ("[w]e are unable to find any provision in our [habeas corpus] statutes for service upon respondent of any other process except the writ").

[28] See *O'Neal, supra* note 13.

dismissal was nevertheless proper on a different ground: Childs has failed to allege facts which, if true, would entitle him to habeas relief.

[12-17] A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty.[29] In Nebraska, habeas corpus is quite limited in comparison to the scope of the writ in federal courts.[30] Eligibility for the writ is governed by the criteria set forth in § 29-2801, and under that statute, "persons convicted of some crime or offense for which they stand committed" are expressly excluded.[31] As such, under Nebraska law, in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.[32] "The writ will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable."[33] Stated differently, a judgment that is not void, even if erroneous, cannot be collaterally attacked.[34]

[18-20] Thus, a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose.[35] A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose.[36] "'[T]he regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired

---

[29] *Tyrrell v. Frakes*, 309 Neb. 85, 958 N.W.2d 673 (2021).

[30] *Id.*

[31] *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016).

[32] *Tyrrell, supra* note 29.

[33] *Id.*, 309 Neb. at 94, 958 N.W.2d at 681.

[34] *Id.*

[35] *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012).

[36] *Id.*

into on an application for writ of habeas corpus, for that matter is available only in a direct proceeding.'"[37]

With these principles in mind, we turn to the four grounds on which Childs alleges he is entitled to habeas relief. First, he alleged his primary attorney appeared at only a few hearings, while his secondary attorney appeared at more. Childs characterizes this as denying him counsel of his choice, which he argues resulted in structural error that supports "reversal of his conviction." But such a claim does not entitle him to habeas relief because, even if true, it would not render the judgment, sentence, and commitment void.

Second, Childs alleged his plea was not knowingly, voluntarily, and intelligently entered because he received ineffective assistance of counsel. But claims of an invalid plea or ineffective assistance of counsel do not warrant habeas relief, because they do not affect the jurisdiction of the trial court or the authority of the court to impose the sentence given.[38] Thus, even if true, these allegations would not render the judgment, sentence, and conviction void.

Third, Childs alleged the prosecutor had no personal knowledge of the factual basis provided to the court during the plea hearing and thus "had no legal standing upon which to invoke the [trial] court's jurisdiction." But under Nebraska law, it is

> the duty of the county attorney, when in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of a felony or misdemeanor, to prepare, sign, verify, and file the proper complaint against such person and to appear in the several courts of the county and prosecute the appropriate criminal proceeding on behalf of the state and county.[39]

---

[37] *Id.*, 284 Neb. at 867, 824 N.W.2d at 33.

[38] See, *Gonzalez v. Gage*, 290 Neb. 671, 861 N.W.2d 457 (2015); *Peterson, supra* note 35; *Rehbein v. Clarke*, 257 Neb. 406, 598 N.W.2d 39 (1999).

[39] Neb. Rev. Stat. § 23-1201 (Cum. Supp. 2020).

There is nothing improper about a prosecutor's reciting the factual basis for the charged crime during a plea hearing. This claim has no legal merit and does not entitle Childs to habeas relief.

And fourth, Childs alleged he was compelled to participate in a presentence investigation "without a knowing and intelligent waiver of his right to remain silent." This allegation challenges the regularity of the proceedings leading up to Childs' sentence and is not a basis for habeas relief.[40]

Because none of the allegations in Childs' petition set forth facts which, if true, would entitle him to habeas relief, it was proper to dismiss the petition for writ of habeas corpus.[41]

## CONCLUSION

Our de novo review demonstrates that the decision of the district court to dismiss Childs' petition for writ of habeas corpus was ultimately correct, even though the district court's reason for ordering dismissal was erroneous. We therefore affirm the dismissal.

Affirmed.

Miller-Lerman, J., participating on briefs.

---

[40] See *Peterson, supra* note 35.

[41] See *Maria T., supra* note 6.